Adams et al. *v.* Neeley.

HENRY P. ADAMS et al., Plaintiffs in Error, *v.* ALEXANDER NEELEY, Defendant in Error.

ERROR TO BOONE.

A cause is not in a condition to be heard and decided, until an issue has been formed in the case.

Where the payment of costs is made a condition precedent to the obtaining of a new trial, if the defendant neglects to perform the condition within the prescribed time, the judgment remains in force, and may be inquired into by writ of error.

THIS cause was heard at the December special term of Boone county Circuit Court, J. G. WILSON, Judge, presiding.

LULL and BURGESS, for plaintiffs in error.

S. A. HURLBUT, for defendant in error.

TREAT, C. J.   Neeley brought an action of assumpsit against Adams, Chase, and Mix. All of the defendants were summoned. The declaration was upon a promissory note, made by the defendants as partners, under the style of Mix & Co. Adams pleaded in abatement of the action, that the defendants were not partners at the time of the execution of the note. Chase pleaded that the note was executed by Mix in the name of the firm, to secure the payment of his individual indebtedness, and without the knowledge or consent of his co-defendants. Both pleas were verified by affidavit. Chase also pleaded non assumpsit. The pleas were not answered by the plaintiff. Mix failed to plead. The record recites, that the parties afterwards appeared and submitted the cause to the court; and that the court found the issue for the plaintiff, and rendered judgment in his favor for $661.66. It further recites,

that the court granted the defendants a new trial, on condition that they should pay the costs of the term within twenty days. It does not appear that they complied with the condition. They have sued out a writ of error.

1. The judgment was clearly erroneous, and must be reversed. The cause was not in a condition to be heard and determined. No issue had been formed in the case. The pleas were wholly unanswered. There was, therefore, no question to be submitted to the court. The finding was not responsive to any issue presented by the record. An issue should have been made on the plea in abatement, and disposed of, before proceeding to try the case upon the merits. Issues might then have been formed on the other pleas, and referred to the court for trial.

2. The action of the court upon the application for a new trial did not vacate the judgment. The grant of a new trial was conditional. The defendants were required to pay the costs, before the order should become effectual. The payment of the costs was made a condition precedent to the obtaining of a new trial. As the defendants failed to perform the condition within the time prescribed, the judgment remained in full force, and the plaintiff was at liberty to enforce it by execution. And the judgment being final, the defendants had the right to prosecute a writ of error for its reversal.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*