## WILLIAM MATTOON, impl'd, &c.,

### *v.*

## PHILANDER HINKLEY.

1. REMOVAL OF CAUSES INTO U. S. COURTS — *suspension of proceedings pending the application.* It is irregular to enter a default in a cause against a party in a State court while his application for a removal of the cause into a Circuit Court of the United States, under the judiciary act of 1789, is pending; and a default entered under such circumstances should be set aside on motion.

2. And in this case, although the application for the removal of the cause was still pending in the State court, the case was left off the docket for two years, and the plaintiff, in the meantime, treated the case as having been actually

Mattoon, impl'd, &c., v. Hinkley.

removed, by making an affidavit setting up the pendency of the suit in the United States court, and giving a notice based thereon to the defendant, to take depositions in the case then "pending and undetermined in the Circuit Court of the United States," &c. After this, the plaintiff took the default in the State court. The previous action of the plaintiff in treating the cause as having been removed, was also deemed sufficient reason for setting aside the default.

3. NOTICE REQUIRED, *upon redocketing a case.* And after the case had been off the docket for two years, it was then redocketed in the State court without any notice to the defendant. This was also improper; notice should have been given.

4. NOTICE REQUIRED *before default after continuance set aside.* If a continuance has been granted in a cause and afterwards set aside, it has been held to be irregular to take a default without notice to the other party.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

This was an action of assumpsit commenced in October, 1859, in the court below, by Philander Hinkley against William Mattoon, and two others, Mattoon alone being served with process.

At the October Term, 1859, the defendant Mattoon, filed in the Circuit Court his petition and bond, praying for a removal of the cause into the Circuit Court of the United States for the southern district of Illinois, under the provisions of the judiciary act of 1789, setting forth that the plaintiff was a citizen and resident of the State of Illinois, and the defendant a citizen and resident of the State of Massachusetts.

The application seems never to have been acted upon in the court below; at least no entry of any action thereon is shown in the record. The case was thereafter left off the docket until the May Term, 1862. In the meantime, the plaintiff acting· in the cause as though it was actually removed from the State court into the United States court, by the following proceedings: On the 6th day of December, 1859, the plaintiff made the following affidavit:

"STATE OF ILLINOIS, ⎰
    COLES COUNTY.    ⎱ ss.

Philander Hinkley being duly sworn, says, a suit is now pending and undetermined, wherein Philander Hinkley is

14 — 33D ILL.

plaintiff and Willis Phelps, William Mattoon and James Barnes are defendants, and the venue of said suit having been changed from the Coles county Circuit Court to the Circuit Court of the United States for the southern district of Illinois, it being necessary and material to have the testimony of certain witnesses of Coles county, they being out of the county in which said suit is to be tried. I shall take their depositions," &c.

And also gave notice to the defendant of the taking of certain depositions in the cause, as follows:

"Take notice that at certain times and places, he would take the deposition of certain witnesses to be read as evidence in the above entitled suit at law, now' pending and undetermined in the Circuit Court of the United States for the southern district of· Illinois, to which court said case has been removed from the Coles county Circuit Court, &c.

(Signed)      PHILANDER HINKLEY."

At the May Term, 1862, of the court below, the cause was again placed upon the docket in that court, without any notice to the defendant; and at the October Term, 1862, the following order was entered:

"Now at this day comes the plaintiff, and the defendant William Mattoon being alone served with process, and he being three times solemnly called, comes not, but makes default, it is therefore considered by the court that the plaintiff recover of the defendant William Mattoon, his damages, &c., and that a jury be empanneled to assess the same."

At the same time the defendant moved to set aside the default thus taken, which was denied, and the cause was continued for the execution of a writ of inquiry. At a subsequent term a jury· assessed the ·plaintiff's damages, and a judgment was rendered in his favor for $30,000.

Thereupon the defendant sued out this writ of error.

The only question presented upon the record is as to the regularity of the proceedings in taking a default pending the application for a removal of the cause into the Circuit Court of the United States.

Messrs. THORNTON AND MOULTON, for the plaintiff in error.

Messrs. WILEY AND PARKER, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only question we deem it necessary to notice arising on this record is, as to the propriety of the action of the court at the October Term, 1862, at which term the default of the defendant was entered, damages assessed, and final judgment entered.

The record shows that at the October Term, 1859, the defendant below filed his petition and bond praying for the removal of the cause to the Circuit Court of the United States for the southern district of Illinois, on the ground that the plaintiff was a citizen of this State, and the defendant a citizen of the State of Massachusetts, in pursuance of the judiciary act of 1789. This application has never been disposed of by the Coles Circuit Court. It is still pending, and while so pending, taking a default was irregular, and the motion to set it aside should have been allowed. It appears from the record that the plaintiff himself was under the belief that the petition had been granted and the cause removed to the United States court; for, in December following, he caused a notice to be served on the defendant's attorney that he would take the depositions of certain witnesses to be read in evidence in this suit, "now pending and undetermined in the Circuit Court of the United States for the southern district of Illinois, to which court said case has been removed from the Coles County Circuit Court." To the same effect is his affidavit made on the 5th of December, 1859, that the cause had been changed from the Coles Circuit Court to the Circuit Court of the United States for the southern district of Illinois.

It would be unjust, under the circumstances, to permit the plaintiff to take a default: first, because this motion of defendant for the removal of his cause had not been finally acted on by the Circuit Court; and, second, because the plaintiff had acted in the case as if he deemed the cause pending in the Circuit Court of the United States. It was removed from the

docket of the Coles Circuit Court, from May Term, 1860, to May Term, 1862, when it was again placed on the docket without any notice to the defendant. If a continuance has been granted in a cause, and afterwards set aside, it is irregular to take a default without notice to the other party. *McKee* v. *Ludwig et al.,* 30 Ill. 28. And this is a stronger case.

We have no hesitation in saying the default so taken was irregular and should have been set aside. The judgment is reversed and the cause remanded.

*Judgment reversed.*