## PETER W. LILL

*v.*

## JAMES M. STOOKEY.

1. AMENDMENT *of record at a subsequent term of court.* After the expiration of a term of court at which a judgment has been rendered, the same court that rendered the judgment has no supervisory power over it at a subsequent term, except to correct it in mere matter of form, on notice to the opposite party.

2. SAME—*writ of retorno habendo can not be awarded at a subsequent term after judgment for costs only in a replevin suit.* When a replevin suit is dismissed for want of a declaration, and a judgment rendered against the plaintiff for costs, the court rendering the judgment can not, at a subsequent term, upon notice to the plaintiff that a writ of *retorno habendo* will be applied for, so amend the record as to find the property in question in the defendant, and determine that he recover it from the plaintiff, and order a writ for its return.

3. The fact that the court, at the time of dismissing a replevin suit, has the right to award a writ of *retorno habendo*, but fails to do so, does not authorize it to sit in review of its own judgment at a subsequent term, and then enter a judgment, which should have been entered in the first instance, finding the property in the defendant and awarding a writ for its return to him.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. WILLIAM H. UNDERWOOD, for the plaintiff in error.

Messrs. G. & G. A. KŒRNER, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is a writ of error, brought to reverse a judgment entered in the circuit court of St. Clair county at the January term,

1874, amending the record of a judgment rendered in the same court at the October term, 1871.

It appears, from the bill of exceptions contained in the record, that on the 22d day of April, 1870, the plaintiff in error brought an action of replevin against the defendant in error, in the circuit court of St. Clair county, to recover certain property. At the return term of the writ, the cause was continued for want of a declaration. At the second term it was again continued, and at the third and October term, 1871, the cause was dismissed for the want of a declaration.

The judgment reads as follows: "On the first Thursday of the term, on motion of the defendant's attorney, the court orders that this cause be dismissed for want of a declaration, this being the third term; and it is further ordered, that the plaintiff pay the costs of this suit, and execution is awarded therefor."

At the March term, 1873, the defendant in the suit entered a motion to amend the prior order of the October term, 1871, by awarding a writ of *retorno habendo*. At the same term this motion was withdrawn. During the January term, 1874, the defendant in error served a written notice on the plaintiff in error, that on a certain day he would apply to the court for a writ of *retorno habendo*, to compel said plaintiff to return the property involved in said suit to said defendant.

The record of the court, after reciting service of notice of the motion and the appearance of the parties, concludes as follows: "And the motion for a writ of *retorno habendo* coming on to be heard, and the court being fully advised of and concerning the premises, allows the same. It is, therefore, considered and adjudged by the court, that the defendant recover of and from said plaintiff the property in the affidavit and writ in this cause described, to-wit: one steam engine, two engine boilers, one collar of the main pitman of said engine, and that he have a writ of *retorno habendo* for the recovery thereof; and it is further ordered by the court, that the defendant recover of the plaintiff costs by him in this behalf expended, and have execution therefor."

While the notice served on the plaintiff in error, upon its face, would seem to imply the only intent of this proceeding was to obtain an order of court for a writ of *retorno habendo*, yet it is apparent, from the whole record, that the true object was to obtain an order of court amending the judgment rendered several years before; at least such was the result of the proceeding.

This court has uniformly and in a number of cases held, that after the expiration of a term of court at which a judgment has been rendered, the same court that rendered the judgment has no supervisory power over it at a subsequent term, except to amend it in mere matter of form, on notice to the opposite party. *Cook* v. *Wood*, 24 Ill. 296; *Smith* v. *Wilson*, 26 ib. 187; *McKindley* v. *Buck*, 43 ib. 490; *State Savings Institution* v. *Nelson*, 49 Ill. 172.

It would be establishing a precedent of the most dangerous character to hold that a final judgment, after the close of the term of court at which it was entered, was liable to be changed or modified, in substance, to suit the whim or caprice of one of the parties litigant, or to conform to a second opinion the court might form on the subject. A circuit court can not review its own decisions, or that of a predecessor, unless it may be to correct a clerical mistake or a matter formal in its nature.

The amendment of the judgment, as shown by this record, clearly falls within the principles announced in the case of *Cook* v. *Wood*, cited *supra*, and must be controlled by it. The judgment entered in the first instance was merely an order dismissing the cause, for the reason that no declaration was filed.

By the amended judgment, the court finds the property in question in the defendant, and determines that he recover it from the plaintiff, and orders a writ for its return.

It needs no argument to show that this amendment is not formal or clerical; on the contrary, it is an amendment of the most vital and substantial character. It is true, the court, on dismissal of the suit in the first instance, had the right to award a writ of *retorno habendo*, but because the court failed to do

this, it by no means follows that several years afterwards the court can sit in review of its own judgment, and then enter the judgment that should have been entered in the first instance. Such a practice would supersede the writ of error or appeal to the higher court.

We are of opinion that the judgment entered at the January term, 1874, was unauthorized. It will, therefore, be reversed.

*Judgment reversed.*