Reynolds et al. v. Anspach.

---

BENN P. REYNOLDS ET AL.

v.

ROSA ANSPACH.

1. JURISDICTION—FINAL JUDGMENT.—Where an action of replevin was brought in 1878, and defendants entered their appearance and entered a motion to quash the writ for want of sufficient affidavit, and plaintiff at the same time entered a cross motion for leave to amend such affidavit, and these motions were continued and nothing done by the court until 1882, when the suit was dismissed by the court for want of prosecution, and judgment *de retorno* and for costs was given against plaintiff. *Held*, that such judgment of dismissal, etc., was a final judgment, and when the term at which it was rendered had elapsed the court below had no power or authority to set aside the judgment and re-instate the cause.

2. RE-INSTATING A CAUSE—NOTICE.—Where no notice had been given defendants of a motion to set aside a former judgment and re-instate the cause and no plea had been filed by defendants, it was error for the court, in the absence of defendants and their attorney, to impanel a jury to try the issues between the parties.

APPEAL from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding. Opinion filed November 16, 1883.

Reynolds et al. v. Anspach.

Mr. JOHN LYLE KING, for appellants; cited Coursen v. Hixson, 78 Ill. 339; Becker v. Sauter, 89 Ill. 596; Baragwanath v. Wilson, 4 Bradwell, 80.

Messrs. COOPER & PLOTKE, for appellee; cited City of Olney v. Harvey, 50 Ill. 453.

McALLISTER, P. J. This was an action of replevin brought July 20, 1878, in the court below, by Rosa Anspach against Brokiski and Reynolds. The defendants duly entered their appearance in the cause Dec. 13, 1878, and entered a motion to quash the writ for want of sufficient affidavit; the plaintiff, at the same time, entering a cross motion for leave to amend such affidavit. These motions were continued and nothing done in the case, until May 18, 1882, when the suit was dismissed by the court for want of prosecution, and judgment *de retorno* and for costs, given against the plaintiff. At a subsequent term, October 2, 1882, the plaintiff made a motion to have such former judgment set aside, and to have the suit re-instated upon the docket. This was granted. The defendants were in no respect notified that the motion would be made or had been granted. Afterward, and April 21, 1883, without any plea having been filed by either defendant, or their default having been taken for want of plea, in the absence of defendants and without any notice to them or their attorney, a jury was impaneled and sworn to try the issues, etc., between the parties. A verdict was rendered finding the property in the plaintiff, that defendants had wrongfully taken and detained the same, also assessing the plaintiff's damages at $86.50. On this verdict the court gave judgment, and overruled the defendants' motion made at the same term, to set aside such last mentioned judgment, and all the proceedings in said cause, subsequent to the original judgment of dismissal, etc., entered May 18, 1882. The court overruled such motion, and the defendants bring the record here for revision.

We are of opinion that such judgment, of dismissal, etc., was a final judgment, and that, when the term at which it was rendered had elapsed, the power of the court below over

the cause had become exhausted, and such court had no power or authority, at a subsequent term, to set the said judgment aside, and re-instate the cause: Lill v. Stookey, 72 Ill. 495; Bank of United States v. Moss, 6 How. U. S. 31; Baragwanath v. Wilson, 4 Bradwell, 80.

But at all events, it was irregular for the court below to entertain such motion to set aside the former judgment, and to re-instate the cause, without notice to the defendants or their attorney: Rauh v. Ritchie, 1 Bradwell, 188; Lill v. Stookey, *supra;* McKee v. Ludwig, 30 Ill. 28; Mattoon v. Hinkley, 33 Ill. 208.

We are further of the opinion that there was error in the court below impaneling a jury in the absence of defendants and their attorney, to try the issues between the parties; because no plea having been filed, there was no issue to try; the case was not in a condition to be tried: Adams v. Neeley, 15 Ill. 380; Seavey v. Rogers, 64 Ill. 534.

The only proper way in which the court could proceed, (even if it be conceded that the court had, under the circumstances, any power to act in the case,) was to have had the defendants called and on their failure to appear, to enter their default. In such a case the oath to the jury, as well as the action of the court would have been materially different.

The order of the court below entered October 2, 1882, setting aside the former judgment entered May 18, 1882, together with the judgment entered April 21, 1883, will be reversed.

Judgment reversed.