## Isaac R. Mansfield v. The Honduras Company.

1. ISSUES—*In Courts of Record to be in Writing.*—In this State the allegations of the parties, the pleadings, by which the issue is made, must, in courts of record, be in writing.

2. SAME—*In Garnishment Proceedings.*—In garnishment proceedings the plaintiff is relieved from the necessity of making a formal pleading, but a written traverse is required in a court of record alleging that the garnishee has not truly disclosed, etc.

Garnishment Proceedings.—Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed November 5, 1896.

This was a garnishment proceeding in which summons was issued against B. L. Perry, Isaac R. Mansfield, W. B.

Wilson and Daniel B. Hubbard, as garnishees, and service was had on D. L. Perry and Isaac R. Mansfield only, as appears from the return indorsed on said summons.

On November 22, 1892, interrogatories were filed by the plaintiff " to be answered by D. L. Perry, I. R. Mansfield, W. B. Wilson and Daniel B. Hubbard, summoned as garnishees," the sixth interrogatory of which was as follows : " Have you, or either of you, at any time, subscribed for, purchased or received an assignment of any number of shares of the capital stock of the Honduras Company ? If so, state specifically how many of said shares you have subscribed for, how many purchased, and from whom, and of how many shares you have received an assignment, and from whom. Also how much money has been paid to the said The Honduras Company upon subscriptions for any and all of such shares, by whom, when, and in what manner paid. Also state the face value of all such shares of stock at any time owned or held by you."

On the 1st day of December, A. D. 1892, the garnishee Isaac R. Mansfield, filed his answer to said interrogatories, and in answer to each of said interrogatories said Mansfield said " No."

The appearance of said Mansfield in said case was in person, and in no place or stage of said proceedings does he appear by attorney.

Said garnishee D. L. Perry, on the 12th day of December, 1892, filed his answer to the said interrogatories, and simply denies liability, in answering each of the first five interrogatories. But to the sixth interrogatory he answered in part as follows : " To the sixth interrogatory, the said D. L. Perry, answering, says, etc., he did, however, receive from one E. W. Perry, in payment for services rendered, eighty shares of full-paid non-assessable stock of said company, the face value of which stock is $25 per share. He still holds said stock."

The record contains the following :

" This cause being called for trial, comes the plaintiff by its attorney, and issues being joined as to the defendants,

D. L. Perry and Isaac R. Mansfield, it is ordered that a jury come, whereupon come the jurors of a jury of good and lawful men, to wit, etc., who, being duly elected, tried and sworn well and truly to try the issues joined herein, and a true verdict render according to the evidence, after hearing all the evidence adduced, say, we, the jury, find the issues for the plaintiff, and we find the amount now due and owing by the garnishees Isaac R. Mansfield and D. L. Perry to the plaintiff, the Honduras Company, for the use of the Graphic Company, to be two hundred and seventy-seven dollars.

Therefore it is considered by the court that the Honduras Company for use of Graphic Company do have and recover of and from the said garnishees, Isaac R. Mansfield and D. L. Perry, the said sum of two hundred and seventy-seven dollars, together with its costs and charges in this behalf expended, and have execution therefor."

No written traverse of either of the answers was made.

THORNTON & CHANCELLOR, attorneys for plaintiff in error.

STIRLEN & KING, attorneys for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is urged that the filing of a written traverse is not made a requirement to the formation of an issue by the statute. The provisions of the statute touching this point are found in section 7 of the garnishment act (Chap. 62, Hurd's Rev. Stat. 1895, p. 830). "When the plaintiff in any garnishee proceeding shall allege that any garnishee served with process, or appearing before any court, hath not truly discovered the lands, tenements, goods, chattels, moneys, choses in action, credits and effects, or if before a justice of the peace, such personal effects of the defendant in the attachment suit or judgment, and the value thereof, in his possession, custody or charge, or from him due and owing to the defendant at the time of the service

of the writ, or at any time after, or which shall or may thereafter become due, the court or justice of the peace shall immediately (unless the case shall for good cause be continued) proceed to try such cause, as against such garnishee, without the formality of pleading."

The defendant in error, plaintiff below, insists that it is sufficient that the required allegation that the garnishee has not truly discovered be oral; that no written traverse of the answer of the garnishee is necessary in a court of record.

The rule in this State is that the allegations of the parties, the pleadings, by which the issue is made and upon which the cause is tried, must, in courts of record, be in writing.

The statute as to garnishment relieves the plaintiff from the necessity of making a *formal* pleading; that is, such a pleading as in ordinary actions is required; form is dispensed with; it is sufficient to allege that the garnishee has not truly disclosed, but a written traverse is required in a court of record.

The recitals in the record, that issue was joined, can not prevail over the fact appearing by the record, that no traverse of the answer was made. Reynolds v. Anspach, 14 Ill. App. 38; Adams v. Neeley, 15 Ill. 380; Seavey v. Rogers, 69 Ill. 534; Waggoner v. Green et al., 40 Ill. App. 648.

The judgment of the Superior Court is reversed and the cause remanded.