Finch v. Finch.

### Ida Finch v. Fred Finch.

#### Gen. No. 10,775.

1.   APPEAL—*when, must be taken.*   An appeal must be prayed and allowed at the term at which the judgment, order or decree sought to be appealed from, is entered.

2.   DECREE—*jurisdiction of court to modify, after lapse of entry term.*   The uniform rule is that after the expiration of the term of court at which a decree is entered, the court of entry has no power over the same, except to correct it in matters of form.

3.   NUNC PRO TUNC ORDER—*function of.*   The only office of a *nunc pro tunc* order is to supply some omission in the record of an order,

which was really made at the designated time but which by mistake was omitted to be entered in the record.

4. CERTIFICATE OF EVIDENCE—*when jurisdiction to allow, is lost.* The court entering a decree is without jurisdiction to sign and seal a certificate of evidence presented pursuant to a void order allowing an appeal.

5. CERTIFICATE OF EVIDENCE—*effect of opposing attorneys approving and stipulating to its use on appeal.* Such approval and stipulation do not confer jurisdiction to sign and seal the same if otherwise such jurisdiction was lacking.

6. DISMISSAL FOR WANT OF EQUITY—*how supported.* A decree of this character is supported by the absence of evidence.

Bill for divorce. Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed December 21, 1903.

JOHN C. TRAINOR, for plaintiff in error.

HUTCHINSON, NEIGER & KIMBARK, for defendant in error.

MR. JUSTICE BALL delivered the opinion of the court.

Plaintiff in error filed a bill for divorce charging defendant in error with desertion and drunkenness. By an amendment to the bill, she also charged him with adultery. He answered the bill as amended, denying specifically every material allegation therein contained.

February 18, 1902, that being one of the days of the February, 1902, term of the Circuit Court, the chancellor heard this cause upon bill and answer and upon oral testimony then presented before him. On the same day, after hearing the case, the court dismissed the bill for want of equity. March 15, 1902, the last day of such February term, the motion of plaintiff in error to have the costs and solicitor's fees in this case taxed was denied. From the action of the court in this regard she prayed for and was allowed an appeal to this court, but she did not perfect such appeal. March 19, 1902, being in the March, 1902, term of said Circuit Court, plaintiff in error prayed an appeal to this court from the decree dismissing her bill for want of equity. This prayer was allowed, the chancellor directing his clerk to enter the same *nunc pro tunc* as of March 15, 1902. The

clerk of the Circuit Court certifies that the transcript here filed is complete.

The defendant in error appears specially in this court and moves to strike the certificate of evidence from the files for the reason that the Circuit Court in the March term had no jurisdiction to allow an appeal from a final order entered in the preceding term of that court. An appeal must be prayed and allowed at the term at which the judgment, order or decree was rendered. R. S., Ch. 110, Sec. 68.

The uniform rule is that after the expiration of the term of court at which a decree was rendered, that court has no power over it, except to correct it in matters of form. Cook v. Wood, 24 Ill. 295; Lill v. Stookey, 72 Ill. 495; Baldwin v. McClelland, 152 Ill. 49. In this case the decree was entered in the February, 1902, term. No motion for the allowance of an appeal was made at that term. Hence, when that term passed there was nothing to which an amendment could apply. The court had lost jurisdiction, and the order of March 19, 1902, is void, unless the direction of the court that such order be entered *nunc pro tunc* as of March 15, 1902, gave it validity. But the only office of a *nunc pro tunc* order is to supply some omission in the record of an order which was really made at the designated time, but which by mistake was omitted to be entered in the record. "A *nunc pro tunc* order cannot be made to supply an omission to make an order, but only an omission in the record of an order." Lindauer v. Pease, 192 Ill. 456.

The court being without jurisdiction to enter the order for appeal, the "O. K." of counsel for defendant in error upon the certificate of evidence and his stipulation that such original may be incorporated in the transcript of the record, do not aid plaintiff in error. It follows that the motion to strike the certificate of evidence from the files must be granted.

No errors are assigned upon the common law record. They refer solely to the evidence. The certificate of evidence being out of the record, there remains nothing of

which plaintiff in error complains. A decree dismissing a bill for want of equity is supported by the absence of evidence, because that is the proper decree when there is no evidence or there is a want of sufficient evidence to· authorize the granting of the relief prayed for. First Nat'l Bank v. Baker, 161 Ill. 283.

It follows that the decree of the Circuit Court must be and it is affirmed.

*Affirmed.*