Coen-Berkson and Company, Inc., Appellee, v. M. Martin Gordon and Joseph R. Gordon, Appellants.

**Gen. No. 37,777.**

Opinion filed December 27, 1935.

CAPLOW, KALLEN & CAPLOW, of Chicago, for appellants; C. A. CAPLOW, of counsel.

WELCH & HOFFMAN, of Chicago, for appellee.

Mr. Presiding Justice Hall delivered the opinion of the court.

On December 9, 1932, plaintiffs brought suit in the circuit court of Cook county against the defendants in an action of assumpsit. Thereafter on December 19, 1932, defendants filed a plea of the general issue, together with an affidavit of merits. On April 4, 1934, judgment was entered in favor of plaintiff corporation for the sum of $4,724, the court reciting in its judgment order that "the cause was called for trial, and defendants failing to appear to prosecute the suit in this behalf, *ex parte* comes the plaintiff . . . by its attorney, and on motion of attorney for the plaintiff this cause is submitted to the court for trial, and the court . . . after hearing all the evidence, . . . and being fully advised in the premises, finds the issues for plaintiff, and assesses the plaintiff's damages at the sum of $4,724.00." Thereafter, on April 21, 1934, defendants filed a verified petition, in which it is recited *inter alia* that on the 28th day of March, 1934, the cause, after being called for trial, was continued to April 18, 1934, and such fact was so noted upon the clerk's call sheet. Defendants prayed that the judgment against them be vacated. To this petition, the plaintiff filed an unverified answer, in which it does not deny the allegation in defendants' petition as to the continuance of the cause, but avers that defendants had not been diligent in seeking to vacate the judgment, and that they had no meritorious defense; also, that the cause, when heard, was reached on a regular call. On June 9, 1934, a hearing was had on the petition and answer, and the court denied defendants' motion to vacate the judgment. On July 2, 1934, defendants filed an amended petition in the cause, in which they recite *inter alia* the fact of the continuance of the case, as above recited, and that the court had passed upon their first petition on June 9, 1934. They attach to this petition a photostatic copy of

the daily call sheet of March 27, 1934, of Judge Roman E. Posanski, who entered the judgment against defendants, and who heard the petitions for the vacation of the judgment, which copy was certified by the clerk of the circuit court as being true and correct. This call sheet confirms the statement of defendants that at the time the case was called for trial on March 27th, it had been continued, as alleged in the former petitions, to April 18, 1934. This last motion was denied by an order entered on July 2, 1934. On July 16, 1934, a notice of appeal from this order of July 2, 1934, was served on plaintiffs, and filed in the office of the clerk of the circuit court, and on July 20, 1934, an order was entered approving defendants' appeal bond in the sum of $5,000.

In *McKee v. Ludwig,* 30 Ill. 28, the plaintiff in the suit, upon an affidavit filed, obtained a continuance of the cause to a subsequent term of the court. Thereafter, and at the term at which the continuance was granted, the defendant in the cause appeared and moved that the continuance be set aside for the reason that the affidavit filed was not sufficient. The plaintiff had no notice of the motion, and did not appear at the hearing. The court entered an order vacating the order continuing the case, and entered judgment against the plaintiff for costs. In reversing the judgment, the Supreme Court said:

"After the order for the continuance had once been granted, and the claimant allowed to depart, supposing that the cause was disposed of for the term, he was entitled to reasonable notice before setting aside that order, and proceeding to take a default for his non-appearance. The court therefore erred in setting aside the continuance, and allowing the claimant to be called without such notice."

In *Mattoon v. Hinkley,* 33 Ill. 208, the court held that "If a continuance has been granted in a cause, and

afterwards set aside, it is irregular to take a default without notice to the other party.''

From the reading of the record here, we are convinced that the attorneys for the plaintiff were fully cognizant of the fact that the cause had been continued when it was called for a hearing, as alleged by defendants in their petition, and we are of the opinion that the court was in error in hearing the cause *ex parte* at the time it was heard, and in entering judgment against defendants on such *ex parte* hearing after the cause had been so continued to a certain subsequent date, as it is shown conclusively that it was. A motion has been made to dismiss the appeal, which has been reserved to the hearing. This motion is denied, and the judgment is reversed and the cause remanded for a hearing on the issues as made by the pleadings.

*Reversed and remanded.*

HEBEL, J., and DENIS E. SULLIVAN, J., concur.