THOMAS GILKERSON *et al.*

*v.*

ALONZO BROWN *et al.*

1. TAXATION—*leasehold interest — warehouse on railroad right of way.* Grain warehouses built by private individuals upon lands leased by the Illinois Central Railroad Company, along and on the company's right of way, intended for the private benefit of the lessees, who have the right to remove the same before the termination of their leases, are not the property of the railroad company, but personal property of the lessees, and taxable as other personal property.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

This was a bill for an injunction, filed in the circuit court of Will county, and removed by change of venue to the circuit court of Cook county. The bill sought to enjoin the

collection of the State, county, school and town taxes levied upon two grain warehouses, and machinery to operate the same. The court below, on motion, dissolved the injunction and dismissed the bill, and allowed $100 damages as costs and attorney's fees.

Mr. JAMES N. ORR, for the appellants.

Messrs. HILL & DIBBELL, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

If the grain warehouses, upon which the taxes in question were assessed by a town assessor, belonged to the Illinois Central Railroad Company, they were exempt from these taxes by the terms of its charter. As the buildings stood upon land leased from the company, and being a part of its roadway, it is insisted that they constituted a part of the same, and were subject to taxation as property of the company, notwithstanding they were, by the express terms of the lease, removable from the leased premises by the lessees, at any time before the termination of the lease. Such is claimed to be the legal effect, at least for the purpose of taxation, and made so by the revenue law, by its definition of "real property," and "personal property," it enacting that "the terms 'real property' and 'land,' wherever used in this act, shall be held to mean and include not only the land itself," etc., "with all things contained therein, but also all buildings, structures and improvements, and other fixtures of whatsoever kind thereon," etc. "The term 'personal property,' wherever used in this act, shall be held to mean and include every tangible thing being the subject of ownership, etc., and not forming part or any parcel of real property, as herein defined." Gross' Stat. 569.

Undoubtedly it would be the duty of the assessor to observe the definitions in said act given, in his assessment of both real

and personal property, but the assessment of the property of the railroad company is not made under the general revenue law of February 12, 1853, by a town assessor, but under section 22 of the act of February 10, 1851, incorporating said company, by the Auditor of State, and for a State tax only, so that we are not to be controlled by anything in the general revenue law, in determining whether the property in question is real estate or not.

Nor is it material to inquire how, aside from the statute, it might be in the ordinary case of an absolute proprietor of real estate, where improvements are made by a lessee which, although as between himself and the lessor, might be personal property, yet, for the purpose of taxation, whether they would not be regarded as part or parcel of the lessor's land, and subject to be taxed as such. It does not follow that the same rule would apply to an artificial being created by statute for a special purpose, and deriving therefrom all its powers, rights and privileges, in order to the accomplishment of. such purpose.

The language of the provision in its charter, under which the right of way ground of the company is taxable, is as follows: " And an annual tax for State purposes shall be assessed by the auditor upon all the property and assets of every name, kind and description, belonging to said corporation."

These warehouses were not built by or for the railroad company, but by private individuals, for their own private benefit, and confessedly belong to them as their own personal property, and do not fall within the terms of the above cited provision, as they are not property " belonging " to the corporation, and so they do not come within the exemption from taxation of the company's roadway, provided in its charter as. follows : " And the said corporation is hereby exempted from all taxation of every kind, except as herein provided for," etc.

As there is no such exemption in terms, neither is it to be made by any legal intendment. Considering the object of the creation of this corporation, the purpose for which this right

of way was granted to it, or acquired, it clearly was not within the contemplation of the makers of the statute, that property thus situated as these warehouses, should be exempted from its just share of the burden of taxation common to all other personal property in the State.

The amount of damages assessed upon the dissolution of the injunction, from anything that appears, we can not say was unreasonable.

The decree of the court below is affirmed.

*Decree affirmed.*