# THE GARDEN CITY INSURANCE COMPANY

*v.*

# PANKRATZ STAYART.

79 259
40a 648

1. RECORD OF COURT—*presumption that clerk performs his duty.* Where a record is filed in the Supreme Court, containing a præcipe, summons and return thereon, a default, assessment of damages and judgment, but no declaration, and a supplemental record is filed, containing a declaration in the case, without any file-marks, the presumption being that the clerk performs his duty in every case, it must be presumed that the declaration was not filed.

2. PRACTICE—*filing a declaration nunc pro tunc.* On the 7th of November, 1872, a judgment by default was rendered, and, in February, 1875, the plaintiff asked leave to file a declaration *nunc pro tunc* as of October 25, 1872, and, in support thereof, filed the affidavit of a clerk of the attorney for the plaintiff, to the effect that the attorney had prepared and given to the affiant a declaration in the cause, and that he, the affiant, had taken the same to the clerk of the court and given it to him, and requested him to file it, on the 25th of October, 1872, and that the clerk took and kept it in his control, and affiant supposed he had filed it. The attorney of the plaintiff also made affidavit that a declaration then in the wrapper containing the files in the case was the same that he drew and gave to his clerk to have filed in the case. On the other hand, the affidavit of a party was filed, stating that, during the months of September and October, 1872, there were many suits brought against the defendant, and he was employed to watch them, and examine and ascertain their condition, and that he prepared and kept a docket, in which he noted the condition of the suits; that, on the 10th of November, 1872, he examined the files, as he had frequently done before; that there was in his said docket a memorandum, in his own handwriting, showing that no declaration in this case was on file November 10, 1872; that such memorandum was the result of a personal inspection, and that, at that time, he saw no declaration among the files of this suit, marked filed or otherwise: *Held*, that this evidence greatly overbalanced that of the attorney's clerk, and that it was error for the court to permit the declaration to be filed *nunc pro tunc*.

WRIT OF ERROR to the Superior Court of Cook county.

Mr. CORYDON BECKWITH, for the plaintiff in error.

Mr. LEWIS UMLAUF, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

On the 3d day of October, 1872, the defendant in error, Pankratz Stayart, filed in the clerk's office of the Superior Court of Cook county a præcipe for a summons against the plaintiff in error, the Garden City Insurance Company, in a plea of trespass on the case upon promises, on which day, in obedience to this præcipe, a summons was issued, returnable on the first day of the next term of that court, to be held on the first Monday of the month of November then next.

This summons was duly served, and, on the 7th day of November, 1872, the plaintiff appeared, by his attorney, and the defendant being three times solemnly called, came not; whereupon the default of the defendant was entered, and damages assessed at twenty-six hundred and twenty-five dollars, and costs, for which the court rendered judgment.

To reverse this judgment, the defendant prosecutes this writ of error, and makes the point that the court erred in rendering this judgment, there being no declaration on file at the time.

The original record filed in this court does not contain any narr—nothing but the præcipe, summons, sheriff's return, judgment by default, assessment of damages and final judgment thereon.

An amended, or supplemental, record has been filed, which shows a declaration in case, upon promises, as of the 25th of October, 1872, but without any file-mark.

To remedy this defect, the plaintiff's attorney, on the 6th of February, 1875, it being one of the days of February term, 1875, entered his motion, on affidavit filed, that the declaration be marked by the clerk as filed on October 25, 1872, which was ordered by the court, the defendant's attorney being present and excepting thereto.

In the bill of exceptions is found the affidavit of the clerk of the plaintiff's attorney, and then a student in his office, deposing that, on the 25th of October, 1872, the attorney,

Theodore Schintz, gave deponent the declaration in this cause, to have the same duly filed in court; that thereupon, on the same day, he took the declaration to the said Superior Court, and handed and gave it to the clerk of said court, and, at the same time, requested the clerk to file the same in the said cause "then and there," and that the clerk, understanding the said request, thereupon received the said declaration for filing, and retained the same in his custody and control, and he supposed the clerk had duly filed the same as requested.

The attorney himself makes affidavit that the declaration then in the wrapper containing the files in the cause is the declaration he drew in the cause, and upon which this judgment was rendered, and that it is the same declaration he ordered his clerk to file as the declaration in the cause.

One Homer Cook, in opposition to the motion to file the declaration as of October 25, 1872, deposed that, during the months of September and October, 1872, there were many suits commenced against this defendant company in the Superior Court, and he was employed by the attorney, and some of the parties interested in that company, to watch those suits, and to examine and ascertain their condition, soon after they had been commenced; that, on the 10th of November, he examined the files of that court, as he had before done, and particularly this suit; that he prepared and kept a list, or docket, of the same, wherein he noted the condition of the suits; that he finds these memoranda, in his own handwriting, to said suit: "Superior Court—Pankratz Stayart—No. suit 40,354—filed Nov. 10, 1872;" that said entry as to narr. being filed Nov. 10, '72, was made on the list, or docket, of said suits, and as the result of a personal inspection by him; and he further states that he, at that time, saw no declaration among the files of that suit, marked filed or otherwise; that, prior to that time, the defendant had been adjudicated a bankrupt, and, as he was informed, the attorney of the company had caused the prosecution of the suits to be stayed, in consequence of the bankruptcy; that affiant duly reported

the condition of this and the other suits to the attorney of the company, on or about the 10th or 11th of November, 1872, and had no further charge of them until in December following, when he was requested again to examine those suits, which he did during the December term, 1872, of that court, when he found judgment had been rendered in this suit on the 13th of November, 1872, as appeared from a further entry he made, and he then found among the files of the suit a declaration, which was not marked filed, which was the first time he ever saw it.

This evidence, we think, greatly overbalances that of the attorney's clerk, and satisfies us no declaration was on file when the judgment was entered. If it was, in fact, filed, it would be very easy to show it by the affidavit of the clerk. The presumption must be, the clerk performs his duty in every case, and when a declaration or other paper appears in a supplemental record without any file-mark, it must be presumed it was not filed.

The court erred in ordering the declaration to be filed *nunc pro tunc*, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*