# WILLIAM FITZGERALD

## *v.*

# JOSIAH E. KIMBALL.

1. PROCESS — *contradicting return of service.* Where a constable's return to a summons issued by a justice of the peace shows a due service on the defendant by reading the same, the law will not permit the defendant to contradict the official return, and thereby show a cause for reviewing a case by *certiorari,* instead of by appeal.

2. CERTIORARI — *excuse for not appealing.* Where the officer's return shows service of the summons issued by a justice of the peace, the defendant must be held guilty of negligence if he does not appear and defend before the justice of the peace, and can not be heard to excuse his not appealing in the ordinary way on the ground that no service was had on him in fact, and, therefore, he was ignorant of the judgment. The officer's return is conclusive as to service.

APPEAL from the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. B. WALSH, for the appellant.

Messrs. BARNUM & CRANE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a case taken to the circuit court from the judgment of a justice of the peace, by a writ of *certiorari* ordered by the circuit court upon a petition under the oath of the defendant in the judgment.

On motion of the plaintiff, made after the transcript and papers before the justice were brought to the circuit court, the circuit court quashed the writ of *certiorari*, dismissed the appeal, and the defendant appeals to this court.

The only error assigned here questions the correctness of that order of the circuit court.

On an examination of the record, the majority of the court are of the opinion that the circuit court decided correctly.

The summons before the justice, when brought before the circuit court, constituted a part of the record in the case. It thus appeared that the summons was issued upon April 20, 1876, by Justice Pollok (returnable on the 25th day of that month), and delivered to a constable for service, and that on the 21st day of that month the constable returned the same, with an indorsement duly signed by him, saying that he served the same, by reading it to the defendant, on April 21, 1876.

The statements of the petition in an argumentative recital attempt to show that there was in fact no service of this summons.

The law does not permit a party, in such a case, to contradict the official return of an officer. This return must be treated as absolutely true, and, if true, the appellant was guilty of negligence in not making his defense, if any he had, before the justice of the peace. He can not be heard under such circumstances to allege that the judgment was not the result of negligence on his part, or to say (as an excuse for not taking an appeal in the ordinary way) that he was ignorant of the existence of the judgment. If in fact the summons was served on him on April 21, 1876,

as stated in the return of the officer (and this must be taken as true), he had the means of knowing of the judgment, and it was his own fault if he did not know it. He fails to satisfy us that the judgment was not the result of his own negligence, and he fails to show that it was not in his power to take an appeal in the ordinary way. The judgment of the circuit court, in our judgment, was correct, and must be affirmed.

*Judgment affirmed.*