JOHN B. LEITCH, Impl'd,

v.

CHARLES D. COLSON.

1. SCIRE FACIAS.—A justice of the peace can issue a *scire facias* only when one or more of the defendants have not been served with process. When all the defendants have been served and judgment is rendered against all, the object and purpose of the statute has been accomplished, and there remains neither the necessity nor the authority for proceedings by *scire facias*.

2. RETURN OF OFFICER SHOWING SERVICE.—The return of a constable, is as between the parties, conclusive, and cannot be contradicted by parol evidence.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed April 7, 1881.

In January, 1877, DeWolf, then a justice of the peace, issued a summons in a suit wherein appellee, Colson, was plaintiff, and appellants, Leitch and Bernard Kelly, were defendants.

The summons was returned by the constable served on both defendants, and on the return-day, the defendants not appearing, judgment was entered in favor of the plaintiffs against both defendants for $132.90. Several executions were issued against both defendants, which were returned not satisfied; also one dated January 29, 1880, which has never been returned.

February 14, 1880, Hammer, as successor in office to DeWolf, issued a writ of *scire facias*, at the instance of appellee, against appellant, Leitch, requiring him to show cause why he should

Leitch v. Colson.

not be made a party to said judgment. The writ recited, that on January 22, 1876, said Colson recovered a judgment against Bernard Kelly, impleaded with J. B. Leitch, etc.

On the return day of the writ the parties appeared, when appellee filed a paper, which is as follows : " I hereby vacate the judgment entered in this cause against the said defendant, J. B. Leitch, it appearing by the testimony of said Leitch that he was not served with the summons in this cause, and the justice who tried said cause having no jurisdiction in this cause. Charles D. Colson."

The justice, on motion of appellant, dismissed the *scire facias*, and Colson appealed to the Superior Court, where Leitch renewed his motion to dismiss, on various grounds ; among others, that there was no record on which to base the writ ; that it does not appear from the record in said cause that Leitch was not served with the original process in said cause ; and that there was no authority in the law for the issuing of said writ by the justice.

The court being of the opinion that the plaintiff in the *scire facias* might introduce parol evidence to show that the original summons was not served, overruled the motion to dismiss, and upon the trial without a jury, admitted parol testimony against the objection of appellant, tending to show that the original summons was not served on appellant.

The court rendered a judgment in favor of appellee against Leitch for $132.90, and the latter brings the case here by appeal and assigns various errors.

Mr. Perry A. Hull, for appellant; that a justice has no jurisdiction except as conferred by statute, cited Evans v. Pierce, 2 Scam. 468; Robinson v. Harlan, 1 Scam. 237; Clark v. Holmes, 1 Doug. 390; Moore's Treatise, § 27.

*Scire facias* can be issued only where all of the defendants have not been served with process: Rev. Stat. Chap. 79, § 41.

Jurisdiction of the person can be acquired only by the mode prescribed by law, or by appearance: Clark v. Holmes, 1 Doug. 390; Goudy v. Hall, 30 Ill. 109; Bines v. Proctor, 4 Scam. 174; Evans v. Pierce, 2 Scam. 468.

The jurisdiction of the Superior Court on appeal was no

greater than that of the justice: Allen v. Belcher, 3 Gilm 594; The People v. Skinner, 13 Ill. 287; Pelt v. Pelt, 19 Wis. 197.

Parol evidence is not admissible to contradict a record: C. & R. I. R. R. Co. v. Whipple, 22 Ill. 106; Garfield v. Douglass, 22 Ill. 100; Zimmerman v. Zimmerman, 15 Ill. 84; Brintnall v. Foster, 7 Wend. 104; Thatcher v. Mæck, 7 Bradwell, 635; Davis v. Dresback, 81 Ill. 393.

A *scire facias* is not an original action: Ryder v. Glover, 3 Scam. 547.

Parol evidence is not admissible to contradict a constable's return in the same suit in which the return is made: Wilson v. Greathouse, 1 Scam. 174; Fitzgerald v. Kimball, 86 Ill. 396; Case v. Redfield, 7 Wend. 399; Hunter v. Stoneburner, 92 Ill. 79; Owens v. Ranstead, 22 Ill. 161.

Mr. C. W. COOPER and Mr. D. S. GOODING, for appellee.

WILSON, J. The only question arising on this record which it is necessary to consider, relates to the admissibility of parol evidence to contradict the constable's return.

Section 41, chapter 79, Rev. Stat., provides that if a summons is served on one or more but not on all the defendants, the plaintiff may proceed to trial, judgment and execution against the defendants served, and the justice shall, on application of the plaintiff, issue another summons in the nature of a *scire facias* against the defendants not served, requiring them to appear and show cause why he or they should not be made parties to the judgment. The statute is at once the source and the limit of the justice's authority, and which he cannot transcend without rendering his acts invalid. The language of the section quoted is plain and unambiguous. A justice of the peace can issue a *scire facias* only when one or more of the defendants have not been served with process. When all the defendants have been served, and judgment is rendered against them, the object and purpose of the statute have been accom_plished, and there remains neither the necessity nor the authority for proceedings by *scire facias*.

In the present case it is not disputed that the constable

returned the original summons served on both the defendants, and the record of the justice shows that judgment was rendered against both.   After the return not satisfied of several executions issued on the judgment, the plaintiff, without making any preliminary proof of the falsity of the return on the original summons, or laying any other foundation therefor, sued out a *scire facias* against appellant, and upon the trial was allowed by the court to prove by parol that the return was untrue.   This ruling was clearly erroneous.

It has been settled in this State by a long line of decisions that the return of a sheriff or constable is, as between the parties, conclusive in the same suit, and cannot be contradicted by parol evidence.   The rule is based upon grounds of public policy, and rests upon the same principle that excludes parol proof when offered to vary or contradict a record, namely: the necessity of preserving inviolate public confidence in the stability and certainty of judicial proceedings.   In one of the latest cases on this subject, Hunter v. Stoneburner, 92 Ill. 75, the Supreme Court say :   " It is in rare cases only that the return of an officer can be contradicted, except in a direct proceeding by a suit against the officer for a false return.   In all other cases, almost without an exception, the return is held conclusive.   An exception to the rule is where some other portion of the record in the same case contradicts the return; but it cannot be done by evidence *dehors* the record."

In Fitzgerald v. Kimball, 86 Ill. 396, which was a petition for a writ of *certiorari*, the defendant, for the purpose of showing that the judgment was not the result of negligence on his part, attempted to show in his petition that he was not served with the summons issued by the justice, but the court said: "The statement of the petition in an argumentative recital attempts to show that there was, in fact, no service of the summons.   The law does not permit a party in such cases to contradict the return of an officer.   The return must be treated as absolutely true."

And in Wilson v. Greathouse, 1 Scam. 174, where the return of the constable failed to show the time of the service of the summons, the court would not permit the plaintiff to

prove by parol (the constable being dead) that the service of the process was within the time required by law, and also that the defendant had admitted the service to have been in time. The court said: "Such a course could never be justified on principle, nor is there, it is believed, a single precedent to warrant such a course." It will be noticed that the evidence in that case was not offered to contradict the return, but to merely supplement it by fixing the date of service, and the court would not receive it.

In Owen v. Ranstead, 22 Ill. 161, the court recognize the same rule. That was a bill in chancery, brought by Owen to obtain relief against a judgment at law, where it was claimed there had been no service of summons, although the return of the officer recited service. The bill having been dismissed in the Superior Court, the complainant appealed. In the Supreme Court appellee's counsel contended that the complainant could not contradict the sheriff's return. The court said: "The general rule is as stated by appellee's counsel; but it must have its exceptions, in equity at least." And in another part of the opinion, "that a court of law cannot afford such remedy, is certain."

We might refer to many other decisions, not only of our own Supreme Court but of the courts of other States, in which the same doctrine is enunciated, but it is unnecessary to multiply cases.

The vacation by appellee of the judgment as against appellant, in no way changed the legal status of the case. If, as we have seen, the return of the constable was conclusive of the fact of the service of the summons on both Leitch and Kelly, it follows that the justice had no authority to issue the *scire facias*, since the statute authorizes that writ only in cases where process has not been served on one or more of the defendants. Vacating the judgment was but a declaration of the plaintiff that the summons had not been served; and the plaintiff could not by any mere act of his own invest the justice with a jurisdiction he did not otherwise possess.

As the motion to dismiss the *scire facias* was made before the justice and renewed in the Superior Court, it was made in

apt time; and the court erred both in admitting parol evidence to contradict the constable's return, and in refusing to dismiss the *scire facias*.

The judgment of the court below is therefore reversed.

Reversed.