## MARY A. McCAMLEY
### v.
## HENRY C. PEEK.

PREPONDERANCE OF EVIDENCE.—This suit was dismissed by the court below for the alleged reason that no declaration was filed prior to ten days before the second term of the court after the suit was commenced. After a careful consideration of the affidavits in the case, this court is of the opinion that the preponderance of the evidence is that the declaration was filed.

APPEAL from the Circuit Court of Ogle county; the Hon. JOHN J. EUSTACE, Judge, presiding. Opinion filed December 28, 1882.

Mr. E. F. BULL, for appellant.

LACEY, J. This suit was dismissed by the court below for the alleged reason that no declaration was filed prior to ten days before the second term of the court after the suit was commenced.

The suit was in replevin. A declaration was found among the papers at the October term at which the suit was dismissed, but it had no file marks on it. The appellant moved the court for leave to file the declaration *nunc pro tunc* as of ten days prior to the April term preceding, but this was refused by the court.

This action of the court is assigned for error.

The various affidavits show that the husband of the appellant took the declaration properly prepared by her attorney to the clerk of the court and left it with him with request to him to file the same in the cause ten days prior to the April term of court, 1881, which was the second term after the suit was commenced. If this be true it was a sufficient filing according to law.

Hohmann v. Eitermann, 83 Ill. 92; The G. C. Ins. Co. v. Stayart, 79 Ill. 259; Hamilton v. Beardslee, 51 Ill. 478.

On the other hand the clerk's affidavit shows that he had no recollection of it and never saw the declaration until at the

October term, 1881, and did not believe it was filed. Dutcher swears he saw it among the papers at the April term. After a careful consideration of all the affidavits, we think that a clear preponderance of the evidence is that the declaration was filed at the time claimed by the appellant, and so holding, we find that the court erred in dismissing the suit.

The judgment of the court is therefore reversed and the cause remanded. .