## A. WAGGONER

## v.

## OLIVE GREEN ET AL.

*Practice—Service of Process—Sheriff's Return—Failure to File Declaration.*

1.  The sheriff's return is conclusive as to the service of process upon a given defendant.
2.  The omission to file a declaration in a given case is fatal.
3.  The filing of a blank form of a declaration is of no avail.
4.  In the absence of a declaration from the files, the presumption will be that none was filed.

[Opinion filed June 2, 1891.]

IN ERROR to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. THORNTON & CHANCELLOR, for plaintiff in error.

Messrs. CRATTY BROS. & ASHCRAFT, for defendants in error.

WATERMAN, J.   It must be presumed plaintiff in error was duly served with process; the return of the sheriff is at law conclusive in this regard.   Harrison v. Hart, 21 Ill. App. 348; Lutch v. Colson, 8 Ill. App. 458; Fitzgerald v. Kimball, 86 Ill. 396; Hunter v. Stoneburner, 92 Ill. 75.

Nevertheless the judgment rendered must be reversed, because it appears from the record that the plaintiff below was not entitled to take the judgment he did.   Garden City Ins. Co. v. Stewart, 79 Ill. 259.

Only a blank form for a declaration was filed; this it is admitted can not be considered a declaration, but it is insisted that in this proceeding this court must presume that a declaration was filed, and having been lost, does not now appear.

If this court is to indulge any presumption as to things not found in the record, it must, in order to sustain this judg-

ment, not only presume that a declaration was filed, but that it was in all respects sufficient to sustain the judgment; which presumption would be equivalent to holding that a judgment is most secure when no declaration upon which it is based can be found. If a declaration exists, it may contain defects fatal to the judgment, but defects to a declaration, no trace of which exists, can not be pointed out.

If a declaration was filed and has been lost, the plaintiff below is entitled to have it restored; but no steps to restore such essential part of the record seem to have been taken, and the record before us is of a judgment entered in a case where no declaration had been filed; the omission is fatal and is not covered by the statute of amendments and jeofails.

*Reversed and remanded.*