GEORGE F. HARDING

v.

R. S. PEALE COMPANY.

*Practice.*

1. A demurrer ordinarily lays open the whole record of a given case for judgment.

2. The reliance of a defendant upon the assurance of a constable,

who had no authority to give such assurance that a given suit would be abandoned, is no sufficient excuse for his inattention to it.

[Opinion filed May 6, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. George Driggs, Judge, presiding.

Mr. William J. Ammen, for appellant.

Messrs. Humphrey & Nolan, for appellee.

Gary, J. The appellee, a corporation, commenced a replevin suit before a justice against the appellant and Edward A. Trask, which was turned into an action of trover, in which the appellee obtained a judgment by default November 12, 1891.

December 8, 1891, the appellant filed a petition for an appeal by *certiorari*. This petition shows that the judgment is unjust; alleges that the appellant was not served on the original writ; that the constable told him that the writ would be abandoned, and that after the judgment was rendered, but before the time for appeal had expired, he "understood" the attorney of the appellee to say that nothing had been done in the suit. The appellee demurred to the petition. In deciding the demurrer the court looked at all the papers of the case, without objection, and it appearing that the original writ bore the indorsement of the constable of a due service of it upon the appellant, quashed the *certiorari* and dismissed the appeal, with costs against the appellant, and he appealed.

The transcript and original papers from the justice straggled into the files somewhat irregularly, but were all there, and part of the record, when the demurrer was heard. Barring the exception, of which Wilson v. Myrick, 26 Ill. 34, is an instance, a demurrer lays open the whole record for judgment. Phoebe v. Jay, Breese, 268.

In Scrafield v. Sheeler, 18 Ill. App. 507, this court held,

presumably with knowledge of Fitzgerald v. Kimball, 86 Ill. 396, that "while the officer's return can not be contradicted so as to defeat jurisdiction, yet it may be done to excuse a default." We understand that it is meant that a judgment can not be thus attacked collaterally, but by direct application in the pending suit, relief may be thus obtained if justice require it. That case is hardly consistent with an earlier one here. Leitch v. Colson, 8 Ill. App. 458. But in this case, the case cited from 86 Ill., is an authority directly in point, that such attack may not be made in a petition for an appeal by *certiorari*. We are bound by that authority, and the consequence is that the reliance of the appellant upon the assurance of the constable, who had no authority to give such assurance, that the suit would be abandoned, is no sufficient excuse for his inattention to it.

What the attorney of the appellee told the appellant, from which he "understood" that nothing had been done in the suit is not stated, and no conclusion as to whether he was careless in arriving at that understanding, can be drawn.

Solely upon the binding authority of the case in 86 Ill., we affirm the judgment.

*Judgment affirmed.*