## Caspar Wehner v. Frank Wehner, use of Enterprise Paint Mfg. Co.

1. OFFICER'S RETURN—*When to be Treated as Absolutely True.*—The law does not permit a defendant when removing a case from a justice of the peace to the Circuit Court on a writ of certiorari to contradict the official return of the officer serving the summons. Such return must be treated as absolutely true.

Certiorari Proceedings.—Error to the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed June 29, 1898.

NATHAN NEUFELD, attorney for plaintiff in error.

DAVID JETZINGER, attorney for defendants in error.

MR. JUSTICE WINDES delivered the opinion of the court.

Plaintiff in error was sued by defendants in error May 19, 1897, before a justice of the peace, where judgment was

obtained June 1, 1897, for $121.95.   He claims that the first knowledge that he had that he had been sued, or that a judgment had been rendered against him, was when an execution was presented to him by a constable after the time for an appeal had elapsed.   He filed his petition for a certiorari in the Circuit Court, setting out the judgment before the justice, and alleging that the time for appeal had passed before he had any knowledge of the suit or judgment; that there was no service of summons upon him; that he is an old man, seventy-eight years of age, is nearly deaf, in very feeble health, almost blind, and totally ignorant of the English language; that he was told by his wife that a man read some paper at the front door of his house about June 1, 1897, and when she asked the man what he meant and what it was about, he walked away without replying to her question; that petitioner had no idea or suspicion of the man's business; that his wife is but imperfectly acquainted with the English language, and that he is not now nor was he at any time in any way indebted to defendants in error or either of them, nor has he now or at any other time before or since the rendition of said judgment control of any funds or other property belonging to said Frank Wehner, but that Frank Wehner owes petitioner several hundred dollars, and that said judgment is wholly unjust and erroneous.   On this petition the writ of certiorari was issued, on petitioner giving bond in the sum of $250.   Thereafter, and at the July term, 1897, a transcript was filed and defendants in error entered their appearance.   At the October term, 1897, on motion of defendants in error, the Circuit Court quashed the writ of certiorari, dismissed the petition and awarded a procedendo to the justice of the peace and execution for costs.   From this judgment this writ of error is prosecuted.

From the transcript of the justice and the return of the constable on the justice's summons, it appears that there was personal service of summons from the justice on plaintiff in error on May 26, 1897.

In Fitzgerald v. Kimball, 86 Ill. 396, where it appeared,

after an appeal by certiorari had been perfected, by the return of the constable on the justice's summons; that the defendant had been duly served with summons, and the writ was quashed, the court said : "The law does not permit a party, in such case, to contradict the official return of an officer. This return must be treated as absolutely true, and if true, the appellant was guilty of negligence in not making his defense, if any he had, before the justice of the peace. He can not be heard, under such circumstances, to allege that the judgment was not the result of negligence on his part, or say (as an excuse for not taking an appeal in the ordinary way) that he was ignorant of the existence of the judgment," and affirmed the judgment of the Circuit Court quashing the writ.

In Sibert v. Thorp, 77 Ill. 44, the general rule that an officer's return can not be disputed is recognized, but the court said : "While, however, this is the well established general principle, cases have occasionally occurred, and will continue to do so, which, in order to prevent the perpetration of a great wrong must be treated as exceptional;" and held that the return of the sheriff is not an absolute verity, but merely that it is *prima facie* evidence of the truth of the matter therein recited, and consequently that it might be put in issue by plea in abatement. To the same effect are Union Nat. Bank v. First Nat. Bank, 90 Ill. 58, and Chicago, etc., Co. v. Congdon B. & S. Mfg. Co., 111 Ill. 309. We feel bound in the case at bar by the decision of the Kimball case, *supra*, but we are inclined to think the facts alleged in the petition make it one of those cases that occasionally occurs, and in which, that the perpetration of a great wrong may be prevented, an exception should be made. There seems to us no reason why a sheriff's return of service should be allowed to be put in issue by plea in abatement, in an original suit, which would not apply with equal force to a petition for certiorari, but the Supreme Court has in effect said there is a difference.

Defendants in error suggest in their brief that the petition was insufficient in that it failed to show by allegation

of facts wherein the judgment was unjust and erroneous. In this contention they are supported by McGeoch v. Hooker, 11 Ill. App. 652, and Chicago World Book Co. v. Brown, 57 Ill. App. 527; but in Gallimore v. Dazey, 12 Ill. 143, a petition for certiorari which alleged that petitioner "was not indebted to the plaintiff on any account whatever," was held sufficient. This petition makes in substance the same allegation, and further says that Frank Wehner owes petitioner several hundred dollars, and that the judgment is wholly unjust and erroneous. We will be guided by the Supreme Court decision and hold the petition sufficient in this regard, and to be consistent, will also follow the Kimball case, *supra*, though in doing so we fear a serious wrong is done to plaintiff in error.

The judgment of the Circuit Court is affirmed.