## Catharine McAnaney v. Bernard Quigley, for the use, etc.

1. GARNISHMENT—*Chap. 62, Sec. 4, R. S.*—The statute provides that the person for whose use a garnishee summons is issued shall advance through the constable to the person summoned as garnishee, $1, and in addition five cents per mile for each and every mile of necessary travel to and from the office of the justice of the peace, and the constable making such service shall show by his return the fact of the payment of such fee and mileage.

2. SAME—*When Person Summoned as a Garnishee Fails to Appear.*—Chap. 62, R. S., provides that "when any person shall have been summoned as a garnishee by any justice of the peace and shall fail to appear, the justice of the peace may enter a conditional judgment against such garnishee for the amount of the plaintiff's demand, and thereupon a scire facias shall issue against such garnishee returnable within the same time as other summonses from justices of the peace, commanding such garnishee to show cause why such judgment should not be made final. If such garnishee, being served with process or notified as required by law, shall fail to appear, the justice of the peace shall confirm such judgment, to the amount of the judgment against the original defendant, and award execution for the same and costs.

3. CERTIORARI—*Officer's Return as to Service is Conclusive.*—Where the return of the officer as to service is regular, it is conclusive in certiorari, and the defendant can not excuse a failure to appeal on the ground that the summons was not in fact regularly served.

Garnishment.—Appeal from the Circuit Court of Cook County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed January 30, 1903. Rehearing denied February 13, 1903.

Statement.—December 28, 1898, Thomas Haran brought a suit to charge the petitioner as garnishee of one Bernard Quigley, before J. C. Martin, a justice of the peace of Cook county.

The petition filed in this case for a writ of certiorari represents that a summons was issued against petitioner as garnishee and returned December 30, 1898, and served by reading to and tendering her $1.10 which was refused; that January 3, 1899, the call was continued to January 6, 1899, 1 P. M., when a conditional judgment against the garnishee for $200 was entered and case continued as to garnishee till January 13, 1899, when was ordered the writ of scire

facias and marked "returned, December 30, 1898," served
by reading to said Kate M. Ananey; January 23, 1899, case
called, petitioner not present; a final judgment was ren-
dered against her.

The petition further represents that petitioner is seventy-
seven years of age, feeble, able to read printing somewhat,
but not writing; did not know the importance of a summons;
tha t said Bernard Quigley, her nephew, died January 13,
1899, and Dehlia Quigley, her niece, died on January 23, 1899,
by which misfortune the petitioner was greatly affected;
that the constable never tendered to the petitioner $1.10 as
returned by him; that if the writ of scire facias was served
on her it was at her residence, over two miles from the office
of said justice of the peace; that the petitioner is wholly
ignorant of the law of this state and that she did not know
at the time of the rendition of the judgment aforesaid that
a judgment might or could be rendered against her, or that
appeals must be perfected within twenty days thereafter,
and did not know that a judgment had been rendered
against her until more than twenty days thereafter; that
on the 20th day of January, 1899, at the grave of said Ber-
nard Quigley, petitioner met said Thomas Haran and said
to him, " I hope there will be no more trouble about that
bill you claim he (meaning Bernard Quigley) owes you,"
and the said Thomas Haran replied : " Mrs. McAnaney,
don't you worry about that. It will be all right." Peti-
tioner denies any indebtedness to said Bernard Quigley and
prays for a writ of certiorari to remove said cause from said
justice of the peace into the Circuit Court of Cook County.

ROBERT F. KOLB and DAVID P. O'LEARY, attorneys for
appellant.

M. EMMET CLARE, attorney for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On motion of plaintiff's attorney, based upon the petition
in this case, the writ of certiorari was quashed and appeal
dismissed. This action of the court is assigned as error.

The statute provides that the person for whose use a garnishee summons is issued shall advance through the constable to the person summoned as garnishee $1, and in addition five cents per mile for each and every mile of necessary travel to and from the office of the justice of the peace, and the constable making such service shall show by his return the fact of the payment of such fee and mileage. R. S., Chap. 62, Sec. 4.

The petition alleges that petitioner was served at her residence, if served at all, two miles distant from the office of the justice of the peace, and was entitled to receive twenty cents for mileage, but only ten cents were tendered her.

It is argued that inasmuch as she failed to appear and was not tendered sufficient mileage fee, the justice of the peace was without jurisdiction to proceed. The petitioner is in doubt as to whether the original summons or writ of scire facias was served upon her, but under the facts of this case the return of the officer must be treated as absolutely true. The case of Fitzgerald v. Kimball, 86 Ill. 396, is an authority directly in point, that such an attack as is attempted in the case at bar can not be made in a petition for an appeal by certiorari. Harding v. Peale Co., 44 Ill. App. 344; Wehner v. Wehner, 77 Ill. App. 116.

The return of the officer indorsed upon the original summons is regular. The petitioner did not refuse to accept the money because the mileage fee tendered was not sufficient and it can not be seriously claimed that if by measurement of the distance from the office of the justice of the peace to her home it is found that the officer was mistaken in computing the distance and therefore did not tender an amount entirely sufficient for mileage to and from petitioner's residence, that therefore the court was without jurisdiction.

However, the statute fully protects the interests of a garnishee in a case similar to the one at bar in the following provisions: "When any person shall have been summoned as a garnishee by any justice of the peace and shall

fail to appear, the justice of the peace may enter a conditional judgment against such garnishee for the amount of the plaintiff's demand, and thereupon a scire facias shall issue against such garnishee returnable within the same time as other summonses from justices of the peace, commanding such garnishee to show cause why such judgment should not be made final. If such garnishee, being served with process or notified as required by law, shall fail to appear, the justices of the peace shall confirm such judgment, to the amount of the judgment against the original defendant, and award execution for the same, and costs." R. S., Ch. 62, *supra*.

The writ of scire facias was issued on the thirteenth day of January, 1899, and returned, evidently by mistake, marked December 30, 1898, but the return was subsequently amended, as was legal and proper, to read in accordance with the fact, "January 18, 1899." The petitioner was served with the summons of scire facias and thereby notified that a conditional judgment had been entered against her in this case and commanding her to appear and to show cause, if any she had, why such judgment should not be made final. If she felt aggrieved because sufficient mileage fee had not been tendered her, through this provision of the statute and the service of the writ of scire facias upon her she was given an opportunity to appear before the justice of the peace and show that the statute had not been complied with and therefore that conditional judgment ought not to be made final. She neglected to avail herself of her rights under the statute and must endure the consequences. Counsel for appellant suggest that the petitioner was a lady advanced in years, oppressed by the death of relatives, ignorant of the law, and some days before the final judgment was lulled into inaction by the alleged statement of the judgment creditor that his claim would be all right. None of these matters as alleged in the petition are decisive of this case. It is to be observed that petitioner claims that she spoke to the judgment creditor about his claim and yet states in her petition that she does not think that she

was served by the constable with either the original summons or scire facias.   Her negligence is fatal to her petition.   The certiorari in this case was properly dismissed. The petition shows no reason why an appeal properly could not have been taken.   Doan v. Sibbit, 61 Ill. 486.

The judgment of the Circuit Court is affirmed.