## Nicholas Allegretti v. J. Edward Stubbert.

### Gen. No. 12, 401.

1. CERTIORARI—*when writ of, properly quashed.* A writ of *certi-
orari* which seeks to review the judgment of a justice of the peace
upon the ground that there was no service is properly quashed where it
appears that there was an attempt at service and that the petitioner
had a chance to learn the name of the justice and the time and the
place of the trial, but neglected so to do.

2. SUMMONS—*when return of officer upon, prevails.* Where the de-
nial of the return of an officer upon a summons is purely argumenta-
tive, the return will stand.

Petition for writ of *certiorari.* Error to the Circuit Court of Cook
County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in
this court at the October term, 1905. Affirmed. Opinion filed April
19, 1906.

**Statement by the Court.** Plaintiff in error filed a peti-
tion for a writ of *certiorari* to remove a cause entitled J.

Edward Stubbert v. Nicholas Allegretti from before Joseph G. Sheldon, a justice of the peace, into the Circuit Court.

In his petition he alleged that Stubbert November 23, 1904, commenced an action before said justice against petitioner to recover the sum of $199 for alleged medical services rendered; and that December 8, 1904, said justice rendered judgment against petitioner in the sum of $199 damages and costs. That November 24, 1904, Thomas Boddy, an alleged constable, came to the home of petitioner and told his wife that he had a warrant for the arrest of petitioner; that his wife, being in a delicate condition, swooned; that when petitioner came into the presence of the alleged officer the latter "made a pretense of reading from what purported to be a writ, by mumbling and muttering in an indistinct and unintelligible tone the alleged contents thereof; that the alleged officer did not inform petitioner of the name of the plaintiff or the time and place of the trial, or the name of the justice; and he avers that such alleged service was a fraud upon petitioner.

He further alleges that the first information he had respecting said cause was January 14, 1905, more than twenty days after the entry of said alleged judgment, through a copy of an alleged execution left at his home by said Boddy, and he was thereby prevented from taking an appeal in said cause; that said alleged judgment is erroneous and unjust; that petitioner was not and is not indebted to said Stubbert in any sum whatever; that said Stubbert did not appear at said trial, but the alleged claim was sworn to by the attorney of said plaintiff, who had no personal knowledge thereof, so that said judgment is erroneous, and should be set aside, etc.

The writ was issued January 20, 1905. Five days later the justice filed a transcript in the case before him, and accompanied the same by the summons issued therein, dated November 23, 1904. Upon the back of this paper is the following: "Personally served the within writ by reading the same to the within named defendant Nicholas Allegretti in my county this twenty-fourth day of November, 1904. Service-mileage $2. Thomas Boddy, constable."

January 26, 1905, Stubbert entered his appearance in said cause in the Circuit Court, and moved the court to quash the writ of *certiorari*, which motion was granted, the appeal was dismissed and judgment for costs was entered against plaintiff in error.    This appeal followed.

THOMAS J. O'HARE, for plaintiff in error.

SHIRLEY T. HIGH, for defendant in error.

MR. JUSTICE BALL delivered the opinion of the court.

It will be seen that the motion to quash the writ and to dismiss the suit was based upon the allegations of the petition and the transcript and return of the justice.    The motion goes to the merits and not to the jurisdiction of the court.    It admitted the truth of the allegations of the petition and challenged them for insufficiency.    It operated precisely as if it were a demurrer to the petition.    Such a motion can properly be made by a respondent who has entered a general appearance.    The transcript of the justice is sufficient.    It conforms to the provisions of Section 1 of Article X of the Act of 1895, entitled "Appeal and *Certiorari*."

The summons accompanying the transcript is presumably the original summons and the only paper in the case necessary to be sent up, since the justice certifies that the transcript and the papers accompanying it " contain a full and perfect statement of all the proceedings before me," and there is nothing in the record to rebut the presumption that the justice did his duty in this regard.

The only contradiction to the return of the officer that he served the writ on the plaintiff in error is that contained in the petition for the writ.    It admits that the constable appeared before him and made a pretense of reading from what purported to be a writ " by mumbling and muttering in an indistinct and unintelligible tone."    Plaintiff in error did not ask the officer to read more distinctly or to tell him the contents of the writ.    He seemed as satisfied with the result of that interview as was the officer.    He had the

chance to learn the name of the justice and the time and place of the trial, but he neglected to do so. Such a contradiction is insufficient.

In Fitzgerald v. Kimball, 86 Ill. 396, where the writ of *certiorari* was quashed, the indorsement on the summons, duly signed by the constable, stated that he had served the same on the defendant. The statements of the petition in an argumentative recital attempted to show that there was in fact no service of this summons. The court say: " The law does not permit a party, in such case, to contradict the return of the officer. This return must be treated as absolutely true, and, if true, the appellant was guilty of negligence in not making his defense, if any he had, before the justice of the peace." The judgment of the court below was affirmed.

We do not understand that the Supreme Court in the case just cited intended to decide that the return of service by the officer is absolutely conclusive of that fact, and that it can never be contradicted. The facts of the case do not call for such an interpretation of the opinion; but it is clear that in all cases where there is an argumentative denial only, the return of the officer must prevail.

Kochman v. O'Neill, 202 Ill. 110, cited by plaintiff in error, is not in his favor. That was a bill to enjoin the collection of a judgment and for new trial, upon the allegation, among other things, that complainant had never been served with summons in said cause. The court say : "A sound public policy, the security of litigants and the stability of legal proceedings, demand that the return of the sworn officer shall not be set aside or impeached except upon satisfactory evidence. Every presumption in favor of the return is indulged, and it will not be set aside upon the uncorroborated testimony of the party upon whom service purports to have been made. (Davis v. Dresback, 81 Ill. 393). Justice, however, requires that the rules should not be so strict as to prevent all relief against a return which is untrue through fraud, accident or mistake, and if it is clear from the evidence that the defendant has not been served,

the judgment should be set aside." The court then finds from the evidence it was clearly proved that the alleged service was made upon a person other than the defendant.

In the case at bar the only evidence contradicting the return is that of the plaintiff in error, and, as he recites the interview between himself and the officer, it is far from clear that a sufficient service was not then had upon him.

We do not regard the other contentions of the plaintiff in error as material.

The judgment of the Circuit Court is affirmed.

*Affirmed.*