# WILLIAM E. McCRORY

v.

## JAMES HAMILTON, FOR USE, ETC.

*Replevin—Bond—Action of Debt—Sec. 123, Chap. 3, R. S.—Survivorship—Sale—Judgment.*

1. Under Sec. 123, Chap. 3, R. S., an action of replevin survives, and such survivorship applies in case of the death of the defendant as well as that of the plaintiff.

2. A judgment in such case, not that the property be returned to the defendant, but that he have a writ of *retorno habendo,* while informal is not so defective as to be regarded as a nullity.

3. The mere fact that witnesses may use the terms sell or sale, or that the parties to a given transaction used such terms, does not operate to make the same a sale. if upon consideration thereof it appears there was none.

4. In an action of debt upon a replevin bond, this court holds, in view of the evidence, that the judgment for the plaintiff can not stand.

[Opinion filed January 24, 1891.]

APPEAL from the County Court of Coles County; the Hon. L. C. HENLEY, Judge, presiding.

Messrs. FRYER & NEAL, for appellant.

Messrs. F. K. DUNN and JAMES W. CRAIG, for appellee.

WALL, J. This was an action of debt on a replevin bond. The replevin suit was brought October 16, 1883, by F. F. Randolph against Robert Kane for a quantity of barrel staves and heading valued at $400. The writ was executed by replevying the property and delivering it to the plaintiff.

The defendant died pending the suit and his administrator was made a party in his stead and at the September term, 1887, the suit was dismissed for want of prosecution. The property not having been returned the present action was brought, resulting in a judgment of $589.75 in favor of the plaintiff therein, from which an appeal is prosecuted to this

court by defendant McCrory, who was the surety on the bond. The first point made in behalf of the appellant is, that upon the death of Kane the replevin suit abated and could not be revived against his administrator.

By Sec. 123, Chap. 3, R. S., it is provided that in addition to the actions which survive at common law the action of replevin (and others named) shall survive. But counsel urges that means merely that it shall survive only in favor of the representatives of the plaintiff, the injured party. In Wehr v. Brooks, 21 Ill. App. 115, we held that the provision of the statute is not so limited and we see no occasion to depart from that ruling.

It is next urged that the judgment in the replevin suit is not sufficiently formal and that it is not in terms a judgment that the property be returned to the defendant, as alleged in the declaration, but merely that the defendant have a writ of *retorno habendo.*

The objection is, as we think, not substantial. While the judgment is somewhat informal, yet it is not so defective as to be regarded as a nullity. In effect it is an adjudication of cost against the plaintiff and that the property be returned to the defendant. We are not inclined to the very technical view suggested by appellant and must overrule the objection.

Certain objections to the action of the court in admitting and excluding evidence are also considered not well taken, and as we think they are not important in the view we take of the merits of the case, they need not be discussed. The main question presented arises upon the evidence and the conclusion to be drawn from the standpoint of the appellee. The proof shows that Kane was a cooper and that Randolph was a miller; that Randolph delivered a lot of the staves and heading, of which the property replevied was a part, to Kane, from which Kane made and was to make flour barrels to be delivered to Randolph; that the material was mostly worked up in this way when Randolph gave notice to Kane that he would need no more barrels and demanded the staves and heading then on hand, which demand not being complied with the replevin suit was brought. The evidence is conflicting as to

the terms of the arrangement, it being contended on the part of Randolph that the staves and heading were always his property and that Kane was to be paid for his work at eighteen cents per barrel; while, as Kane contends, the staves and heading were sold to him and became his absolute property at certain rates named, and that he was to pay for the same in barrels at certain prices named for barrels of ten and twelve hoops respectively.

It was evidently made a question before the jury upon which the case was supposed to hinge, whether the material was sold to Kane or whether it always continued the property of Randolph. If the latter, then it seems to be conceded that no more could be recovered in this suit than the amount of whatever was due to Kane for the work done by him when the demand was made; but if he purchased the property it is assumed that the value of what was replevied may be recovered without regard to the fact that it was not fully paid for.

It seems quite clear that though the form of the transaction may have been an agreement to sell the materials to Kane at certain rates and that he should sell the barrels to be made out of it back to Randolph at certain prices, yet it was not in any proper sense a sale of property on either side as that term is usually understood.

It was rather a delivery for the special purpose of making up into barrels which were to be delivered to Randolph. Had Kane refused to do this or had he sold or disposed of the property in any other way he would have broken his contract with Randolph. The mere fact that the witnesses may use the terms sell or sale or that the parties may have used them, will not make it a sale when, upon a consideration of the whole matter, it appears that there was no sale.

We can not believe that it was intended by the parties to change the general ownership of the property, and while Kane may have been and was invested with a special ownership or interest, it was for the purpose and upon the express trust that he would do certain work upon it and return it. He was to be charged with it at certain prices and was to be

credited with certain prices upon what he was to return. It is a misuse of terms to call this a sale on either side.

Kane had a lien for any balance due him for the work done, and if Randolph improperly prevented him from manufacturing the rest of the material, he was also entitled to fair compensation for damages thereby sustained and his lien would include that item also; but we are of the opinion that this is the full extent of his demand, in any event, even accepting the testimony offered by the appellee as the true version of the matter. The judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*