## Becherer v. Stock.

1. *Slander—Plea of Justification—Materiality of Evidence.*—On a trial of an action for slander, for imputing perjury, under a plea of justification, it appeared that the testimony alleged to be false, was given in a prior suit for work, labor and services, and was to the effect that one person had worked for another for five years, earning a good hired hand's wages, and that the services of a hired hand, at that time and in that neighborhood, were worth from fifteen to eighteen dollars a month. *It was held,* that if no other testimony had been offered on that trial, this of itself would have been sufficient to establish a liability under the pleadings for the amount shown, and hence the evidence was material to the issue.

2. *Slander—Imputation of Perjury—Evidence that the Person Was Sworn.*—On the trial of an action for slander, for imputing perjury, to sustain the issues, the plaintiff offered a bill of exceptions made in the suit in which it was claimed the perjury was committed. The opposite party admitted that the evidence in question was correct, and that he

swore to it as set forth therein, and consented that it might be read to the jury. *It was held*, that as the party admitted he swore to it as set forth in the bill of exceptions, and as the bill of exceptions introduced in evidence, shows that he was sworn and testified, it is sufficient proof to show that the person was duly sworn before giving his testimony.

3. *Slander—Estoppel by Declaration.*—Where, in an action for slander, the declaration alleges that the plaintiff was duly sworn before he gave the testimony for which he is charged with perjury, and the defendant pleads a justification, the plaintiff can not be permitted to say that the averments of his declaration, which were necessary matters of inducement, and which are confessed by the plea, are untrue.

4. *Slander—Evidence of Corrupt and False Swearing.*—On the trial of an action of slander for the imputation of perjury, under a plea of justification, it is sufficient if the jury were justified in finding, from a preponderance of the evidence, that the testimony in question was given recklessly and positively, without knowledge of the facts, and if so, it was willful and corrupt according to the legal signification of these words.

**Memorandum.**—Action for slander. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO D. WILDERMAN, Circuit Judge, presiding. Heard in this court at the February term, A. D. 1893, and affirmed. Opinion filed September 8, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, WM. WINKELMAN, ATTORNEY.

Where the defendant, by his pleas, has based his defense on the fact that the plaintiff was guilty of perjury, he will be required to prove the fact of perjury. He is bound to make out the defense, even though he was not obliged to impute perjury in order to justify the words spoken. Hicks v. Rising, 24 Ill. 566; Darling v. Banks, 14 Ill. 46; Welker v. Butler, 15 Brad. 212.

The materiality of the matter sworn to must depend upon the state of the cause and the nature of the question in issue. It is the act of false swearing, in respect to a matter material to the point of inquiry which constitutes the crime, and not the injury which it may have done to individuals, or the degree of credit which was given to the testimony. Pollard v. People, 69 Ill. 153.

The accused has an undoubted right to be informed before

whom, it is alleged, he took the oath charged to be false. He has the right, in his defense, to prove that the person administering the oath did not have legal and competent authority for the purpose. In the absence of such authority there could be no perjury, and hence the necessity of an averment as to who administered the oath and that he had authority for the purpose. Kerr v. People, 42 Ill. 307; Morrell v. People, 32 Ill. 499.

To commit perjury a person must willfully, corruptly and falsely swear or affirm. The false assertion made by the witness under oath, must be known to such witness to be false, and must be intended by him or her to mislead the court or jury. Coyne v. People, 124 Ill. 24.

APPELLEE'S BRIEF, A. FLANNIGAN AND DILL & SCHAEFER, ATTORNEYS.

If a man swears to a thing " whereof consciously he knows nothing," he commits perjury; " although," adds Reade, " he believes it to be true, and although it turns out to be true." For the declaration of a witness is, that he knows the truth of what he states; and if he is conscious he does not know it, he means to swear falsely, however the fact may prove to be. Bishop's Cr. L., 8th Ed., Sec. 1048.

It is perjury for one knowingly and willfully to swear to a fact as true about which he knows nothing. Byrnes v. Byrnes, 102 N. Y. 5.

OPINION OF THE COURT, SCOFIELD, J.

Charles Becherer, appellant, sued Rosa Stock, appellee, for slander in charging him with the commission of the crime of perjury, while testifying as a witness on the trial of a cause wherein Mary Stoltz was plaintiff and appellee was defendant. Two pleas were filed, one the general issue, the other a plea of justification. The general issue was withdrawn before the trial, and the only question presented to the jury was the truth or falsity of the other plea. Appellant alleges no error in the rulings of the court in admitting or excluding evidence and concedes that there was no error in the giv-.

ing or refusing of instructions. He urges, however, a reversal of the judgment on the ground that the evidence fails to prove three material averments of the plea of justification, which are substantially as follows:

1. That Becherer's testimony in the case of Stoltz against Stock was material to the issue.

2. That he was duly sworn by the clerk of the Circuit Court before giving his testimony.

3. That he corruptly swore falsely on the trial.

We will consider these propositions in the order in which we have stated them.

1. On the trial of this case the declaration, plea and judgment in the case of Stoltz against Stock were offered and admitted in evidence. The declaration alleged an indebtedness of Stock to Stoltz for labor and services and for money found to be due on an account stated. The plea was the general issue. The judgment was in favor of the plaintiff in the action for $1,000 damages, and for the costs of the suit. The testimony of appellant alleged to be false, which was introduced in evidence upon the trial of this case, was to the effect that Mary Stoltz had worked for appellee for five years, earning a good hired hand's wages, and that the services of a hired hand at that time, and in that neighborhood, were worth from $15 to $18 per month. If no other testimony had been offered, this of itself would have been sufficient to establish appellee's liability under the pleadings for the amount for which judgment was rendered. How then can it be claimed that the materialty of appellant's testimony was not shown?

2. It is urged that appellee failed to prove that appellant was duly sworn by the clerk of the Circuit Court. The record shows that the official reporter of the St. Clair Circuit Court was called as a witness, and that appellant's counsel said, "I will admit, your honor, that this is the bill of exceptions in the case of Mary Stoltz against Rosa Stock containing the evidence of Charles Becherer in that suit, and that the evidence reported there is correct, and that he swore to it as set forth in the bill of exceptions." Appellee's counsel

then inquired, " And may it be read to the jury? " And appellant's counsel answered, " Yes, sir, it may be read to the jury."

Here the testimony of appellant is called *evidence* by his own attorney and is admitted to be correctly reported. It is admitted that "he swore to it as set forth in the bill of exceptions," and the bill of exceptions as introduced in evidence shows that he was sworn and testified for the plaintiff. Now it is said that the proof fails to show that the circuit clerk administered the oath and that this is a fatal variance. To permit such an objection to prevail here would certainly be a perversion of justice. The admission that appellant was sworn, which was undoubtedly made to save time, must be taken to mean what was intended by the parties, and that is that further proof of this allegation of the plea would not be required. But the administration of the oath sufficiently appears from the allegation of the declaration that appellant was duly sworn before he gave his testimony in the said case of Stoltz against Stock. He can not be permitted to say now that this averment, which is necessary matter of inducement in the declaration and is confessed by the plea, is untrue.

3. It is said that the evidence does not show that appellant corruptly swore falsely on the trial. A detailed statement of the evidence, which was conflicting, would be unprofitable. It is sufficient to say that the jury were justified in finding from a preponderance of the evidence that Mary Stoltz did not do the work of a farm hand, and that, instead of earning a hired hand's wages, she did not earn more than six or eight dollars a month. The jury were also justified in finding that appellant's testimony was given recklessly and positively, and without a knowledge of the facts, and was therefore willful and corrupt, according to the legal signification of those words. 2 Bishop on Criminal Law, Sec. 1048; Johnson v. The People, 94 Ill. 505.

The judgment will be affirmed.