## American Preservers' Co. v. Andrew D. Bishop.

83   493
s88   443
s184s 68

83   493
e105   246

1. REPLEVIN—*When Plaintiff Fails to Prosecute his Suit.*—If the plaintiff in an action of replevin fails to prosecute his suit with effect, judgment is to be given for a return of the property and damages for the use thereof.

2. JUDGMENTS—*Sec. 3, of Chap. 7, R. S., Applicable to Appellate Court.*—Section 3 of Chap. 7, R. S., providing that no judgment shall be reversed in the Supreme Court for mere error in form, if the judgment be for the true amount of indebtedness or damages, is alike applicable to the Appellate Court.

3. SAME—*Substance Rather than Form.*—Substance rather than form is to be considered in determining whether a judgment is sufficient.

Replevin.—Trial in the Circuit Court of Cook County; the Hon. CHARLES E. FULLER, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the October term, 1898. Affirmed. Opinion filed June 29, 1899.

Moran, Kraus & Mayer, attorneys for appellant.

Arnd & Arnd and Lynden Evans, attorneys for appellee; Lynden Evans, of counsel.

It is a well settled rule of the common law that neither irregularity nor informality will render a judgment void. Chestnut v. Marsh, 12 Ill. 178; Wells v. Hogan, Br. (Ill.) 337; Johnson v. Gillett, 52 Ill. 360; Schertz v. Nat. Bank, 47 Ill. App. 139; Coats v. Barrett, 49 Ill. App. 275; Minkhart v. Hankler, 19 Ill. 47.

Mr. Justice Adams delivered the opinion of the court.

This was an action of replevin by appellant against appellee. May 5, 1898, the following judgment was entered in the cause:

" On motion of plaintiff's attorney it is ordered that this suit be and the same is hereby dismissed at plaintiff's cost.

Therefore it is considered by the court that the defendant do have and recover of and from the plaintiff his costs and charges in this behalf expended and have execution therefor.

It is ordered that a *retorno habendo* do issue herein for the return of the property replevied herein by virtue of writ of replevin issued in said cause.

Thereupon the plaintiff enters herein its motion to set aside the above order, which motion is hereby entered, and continued to Saturday, May 7, 1898."

May 7, 1898, the motion to set aside the order was overruled. December 15, 1898, after appellant had perfected his appeal by filing bond, the order of May 5, 1898, was amended. The amending order is as follows:

" This cause having come on to be heard on motion of defendant to amend the record of the order and judgment entered herein on the 5th day of May, 1898, and due notice of said motion having been given to the plaintiff, and the plaintiff and defendant appearing in court by their respective attorneys, and the court having heard counsel for both plaintiff and defendant, and being fully advised in the premises, the court finds that on the 5th day of May, 1898, judgment was rendered in this case, among other things, that the defendant have and recover of the plaintiff a return

American Preservers' Co. v. Bishop.

of the property taken under the writ of replevin issued in this cause, and that the clerk of this court has omitted to set forth such judgment in the record of said order and judgment of May 5, 1898; it is therefore ordered by the court that the record of said order and judgment of May 5, 1898, be and the same is hereby amended so as to read as follows:

' AMERICAN PRESERVERS' COMPANY
    *vs.*                                    } 91,208.
ANDREW D. BISHOP.

On motion of plaintiff's attorney, it is ordered that this suit be and the same is hereby dismissed, and on motion of defendant it is considered by the court that the defendant have and recover of and from the plaintiff a return of the property taken under the writ of replevin herein, and also his costs of suit in this behalf and have execution for said costs, and it is further ordered that the writ of *retorno habendo* do issue herein for the return of said property taken under said writ of replevin. Thereupon the plaintiff enters herein its motion to set aside the above order, which motion is hereby entered and continued to Saturday, May 7th, 1898.'

And the clerk of this court is hereby ordered and directed to forthwith spread this order of record in this cause.

To the entry of the above and foregoing findings and order, and every part thereof, the plaintiff objects and excepts, and prays an appeal to the Appellate Court of the First District of Illinois; which appeal is allowed, on plaintiff giving bond with surety, to be approved by the clerk of this court, in the sum of two hundred and fifty dollars ($250); bond and bill of exceptions to be filed within thirty days."

The error assigned is:

" The court below erred in entering so much of the judgment entered in said cause on May 5, 1898, as ordered a return of the property replevied in said cause by virtue of the writ of replevin issued in said cause."

The record presents two questions: first, whether there is reversible error in the judgment entered May 5, 1898, and second, whether the amending order was proper.

The statute concerning replevin provides that if the plaintiff in an action of replevin fails to prosecute his suit with effect, "judgment shall be given for a return of the property and damages for the use thereof," etc., and strict

formality would require an express judgment that the property be returned to the defendant, prior to the order for the issuance of the writ of *retorno*, but we think the judgment appealed from, although not strictly formal, good in substance. The objection made here was made in Mc-Crory v. Hamilton, 39 Ill. App. 490, which was debt on a replevin bond, and the court say:

"It is next urged that the judgment in the replevin suit is not sufficiently formal, and that it is not, in terms, a judgment that the property be returned to the defendant, as alleged in the declaration, but merely that the defendant have a writ of *retorno habendo*. The objection is, as we think, not substantial. While the judgment is somewhat informal, yet it is not so defective as to be regarded as a nullity. In effect it is an adjudication of costs against the plaintiff, and that the property be returned to the defendant."

Section 3 of Chapter 7 of the Rev. Stat. provides: "No judgment shall be reversed in the Supreme Court for mere error in form, if the judgment be for the true amount of indebtedness or damages." In Coats v. Barrett, 49 Ill. App. 270, it was held, correctly, as we think, that this section is applicable to the Appellate Court. Sec. 1, S. & C.'s Stat., Chap. 37, paragraph 30.

The statute in relation to ejectment requires that the verdict of the jury shall specify the estate established on the trial, when the verdict is for the plaintiff, and when an ejectment suit is tried by the court, without a jury, the finding, if for the plaintiff, must so specify.

In Minkhart v. Hankler, 19 Ill. 47, which was ejectment tried by the court, without a jury, the court found "the defendant guilty of unlawfully withholding from the plaintiffs the premises in the plaintiffs' declaration mentioned, to-wit: Lot number 17, etc., * * * and that the plaintiffs are entitled to the same." There was no specific finding, in terms, of the estate to which the plaintiffs were entitled, yet the court held the finding sufficient.

Substance, rather than form, is to be considered in determining whether a judgment is sufficient. Freeman on

Judgments, Secs. 50–51; Wiggins v. City of Chicago, 68 Ill. 372; Mapes et al. v. Scott, 94 Ib. 379.

We think it clear that the omission of a formal judgment, in terms, from the judgment of May 5, 1898, was a mistake or misprision of the clerk, as found by the court in the amending order of December 15, 1898, and such being the case, the court could lawfully enter the amending order. Freeman on Judg., Sec. 72; 1 Black on Judg., Sec. 151; Ives v. Hulce, 17 Ill. App. 30; Coughran v. Gutcheus, 18 Ill. 390; Ayer v. Chicago, 149 Ib. 262, 266; Adams v. Gill, 158 Ib. 194; Tucker v. Hamilton, 108 Ib. 464.

The judgment will be affirmed.