# Eliza Denhard v. Charles E. Dunbar.

1. COURTS OF RECORD—*Speak Only by Their Record.*—The evidence of what a court of record has done does not reside in the recollection of the judge but in the record which the law requires its clerk to keep. Although the judge may remember that the clerk's record of a judgment entered by him at a previous term is not in accordance with the judgment which he delivered and the order he actually made, he has no power to amend or correct such record unless there is something in the minutes kept by him other than the entries of the same record, by which he is able to see clearly that the record as made by the clerk does not correctly represent his action.

2. SAME—*Powers of the Court at Subsequent Terms.*—Where, in a court of record, a mistake has been made in the entry of a judgment, and there is a minute, entry, pleading or files in the cause, by which the court is able to see that the record, as made, does not correctly represent his actions, he has the power, at a subsequent term, to amend and correct such record in accordance with the facts so as to sustain the rights of the parties.

3. SAME—*Power to Correct Records—Illustration.*—Where, in a proceeding by distress for rent in a court of record, the clerk, by inadvertence, wrote up the record of the judgment against two persons as defendants, while the minutes of the judge and the docket entry of the clerk showed a judgment against one person as defendant. On a motion to correct the record it was held proper to amend it so as to make it conform to the minutes of the trial judge and the docket entry made by the clerk.

4. SAME—*Amendments at Subsequent Terms—Status of Third Parties Not to be Affected.*—The power of amendment at a subsequent term by the judges of courts of general jurisdiction is not to be exercised so as to change the status of a third party who has acted upon the faith of the record.

**Distress for Rent.**—Appeal from the County Court of La Salle County; the Hon. H. W. JOHNSON, Judge, presiding. Heard in this court at the April term, 1901. Revered and remanded with directions. Opinion filed July 12, 1901. Rehearing denied October 8, 1901.

ARMSTRONG & HANNA and H. M. KELLY, attorneys for appellant.

BUTTERS & CARR, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court. Appellant and plaintiff below, Eliza Denhard, filed her

Denhard v. Dunbar.

distress warrant in the County Court of La Salle County, against Charles E. Dunbar, her tenant, and Engel Rude, as her sub-tenant, on the ninth day of December, A. D. 1893. Due service of process was had on both Charles E. Dunbar and Engel Rude on December 16, 1893. The defendants appeared, by attorney, upon a hearing of said cause before the court. A jury was waived, and the court, after hearing, entered in his minutes under the title of the above cause, in his own handwriting, a memorandum of his finding and action upon the issues, as follows:

" January 11, 1894, jury waived, and by agreement cause submitted to court for trial. Hearing by court and finding for plaintiff in the sum of $294; judgment therefor against defendant, Charles E. Dunbar. Special execution against property distrained ordered."

Upon the same date, the clerk of the said County Court, entered in judgment docket No. 4 of the said court, in his own handwriting, a minute of the said judgment as follows:

° Term, January, 1894, date of judgment, January 11, 1894, against Charles E. Dunbar in favor of Eliza Denhard. Amount of judgment, $294; No. of case, 2733. Execution issued January 11, 1894. Execution returned January 10, 1901. ˙ Alias execution issued Jan. 10, 1901."

The said minute is the only minute appearing in the above cause in any of the judgment dockets of the said court.

The County Court record book No. 6, page 488, and that part thereof which purports to be a record of the above suit, No. 2733, shows in substance, under the above date, the appearance of the plaintiff by her attorneys, the defendants by their attorney.

" Trial by jury waived by agreement, and a finding by the court in favor of the plaintiff, assessing her damages at $294; also a further order by the court that the plaintiff have and recover from the said defendants the sum of $294 for her damages herein, together with all costs, and that she have execution therefor against said defendants, Charles E. Dunbar and Engel Rude."

A special and general execution against Charles E. Dun-

bar was issued January 11, 1894, and returned January 10, 1901, upon which $69 was made.

An alias execution was issued against Charles E. Dunbar, January 10, 1901, and a levy thereunder made upon the N. E. ¼ of section 19, excepting the south forty (40) acres, and the N. W. fractional ¼ of section 19, township 34 N., R. 4 E. of the 3d P. M.

On the 16th day of January, A. D. 1901, the defendant, Charles E. Dunbar, by his attorneys, Butters & Carr, moved in said cause that the court first redocket said cause; second, vacate the levy made under the execution issued in said cause; third, quash the said execution and fee bill.

On January 23, 1901, the plaintiff, by her attorneys, entered a cross-motion in said cause, and therein moved that the court amend and correct the record of the judgment entered therein, by causing the word "defendants," where it appeared in said record, to be stricken out and the words "defendant, Charles E. Dunbar," to be therein inserted; and also the words "Engel Rude" to be erased and stricken out of said record, so that the said record might conform to the judgment entered therein.

On February 1, 1901, the court, upon a hearing of said motion and cross-motion, overruled said cross-motion and sustained the said motion entered herein by said defendant. From this order of the court, appellant, Eliza Denhard, perfected her appeal to this court.

A court of record speaks only by its record. The evidence of what a court has done does not reside in the recollection of the judge but in the record which the law requires the clerk to keep. Although a judge may remember that the record of a judgment entered by him at a previous term is not in accordance with the judgment which he actually delivered and the order he actually made, nevertheless he has no power to amend or correct the record unless there is something in the minutes kept by him, other entries of the same record, or pleading or files in the case; something, as is said, to amend by; that is, some written memoranda or record to amend by, from which the court is able to see

clearly that the record as made by the clerk does not correctly represent its action. But where there is such minute, entry, pleading or files in the cause, the court has power, at a subsequent term, thereby to amend the record and will not hesitate under such circumstances to make such amendment in accordance therewith as will advance justice and sustain the rights of the parties. Forquer et al. v. Forquer, 19 Ill. 68; McCormick v. Wheeler, 36 Ill. 124; Church v. English, 81 Ill. 442; Stitt v. Kurtenbach, 85 Ill. App. 38.

In the present case it clearly appears from the minutes kept by the judge of his action at the trial, as well as by the judgment docket made by the clerk of the court, that the record entry made by the clerk is not in accordance with the finding and judgment of the court at the trial. The clerk, in the record book, wrote up a judgment against Charles E. Dunbar and Engel Rude, whereas the minutes of the judge and the docket entry of the clerk show a judgment against Charles E. Dunbar only. The court, therefore, had power, when its attention was called six years thereafter to the mistake made by the clerk, to correct the record entry of judgment to make it conform to what the court actually did and adjudged.

It is urged by appellee that the proceeding under which judgment was rendered, being a distress for rent, was in effect an action *ex contractu* against each of the persons against whom said proceeding was, viz., Charles E. Dunbar and Engel Rude, and that the invariable rule is that in actions *ex contractu* a judgment must be rendered against all or none of the defendants.

The question submitted to the court upon the motions made for a correction of its record was not whether its action in entering judgment was proper or improper, but simply whether the record made by the clerk correctly represented what the court did. Nor is the question now before this court whether the record of the judgment as written up by the clerk or the judgment record as it will stand when 'amended is a valid or proper judgment or

whether it can be reversed on appeal or writ of error. It was simply the duty of the court below, having sufficient memoranda to amend by, to make the record of the judgment correspond to what it actually did; and this, upon the most obvious principle that all parties thereto have a right to have the record truthfully represent the action of the court.

The defendant, upon the motion for the correction of the record, offered and had admitted in evidence a warranty deed from Charles E. Dunbar and Helen E. Dunbar, his wife, to Moab B. Trumbo, for the expressed consideration of $14,500, of the following described property, to-wit: The northeast quarter of section 19, town 34 N., R. 4 east of the third P. M., excepting the south 40 acres thereof; also the N. W. fractional quarter of said section 19 in said township 34 N., R. 4 east aforesaid, containing in all 162.60 acres of land situated in the county of La Salle in the State of Illinois; filed for record on the 21st day of December, A. D. 1900.

Appellee urges that the amendment of the judgment will prejudice the rights of a third party, viz., said Moab B. Trumbo, to whom, since the trial of said cause and the erroneous record made by the clerk, certain real estate in La Salle county has been conveyed by Charles E. Dunbar.

The power of amendment at a subsequent term by judges, existing as it does in all courts of general jurisdiction, can never be exercised to change the status of a third party who has acted upon the faith of the record. Moab B. Trumbo was not a party to the trial of the cause, nor to any of the motions made therein six years thereafter, and his rights can not be affected by any amendment of the judgment record upon the faith of which he has acted. American Exchange National Bank of Chicago v. Moxley, 50 Ill. App. 314.

Neither the court below nor this court was or is attempting, or asked to pass upon the rights of any person save the parties to the cause under consideration. What the effect of the judgment record as amended will be upon the rights

of Moab B. Trumbo, or any person other than the parties to the cause, was not before the court below, nor is it presented to this court. Before the rights of any person other than the parties to the cause can be affected, either by the judgment as originally recorded or as amended, such parties will be entitled to a hearing and their day in court.

The County Court should have amended the record as asked, so as to make the same conform to the minutes of the trial judge and the docket entry made by the clerk.

The order of the County Court is reversed and the cause remanded with directions to amend the record of the entry of judgment by striking the word "defendants" therefrom and inserting in place thereof "defendant;" also by striking therefrom the words "Engel Rude," and also with directions to deny the motion to quash the execution and vacate the levy.

Reversed and remanded with directions.