## H. J. Fitzgerald v. George P. Gore.

1. PRACTICE—*Power of Court Over Judgment Rendered at Prior Term.*—After the expiration of the term of court at which a judgment has been rendered, the court that rendered the judgment has no supervisory power over it, except to amend it in a mere matter of form, upon notice to the opposite party.

Fitzgerald v. Gore.

2. SAME—*Court Will be Presumed to Have Done its Duty.*—Where it is the duty of the court to enter a judgment, and it can be fairly inferred that the court did make such order, and that through mistake of the clerk it has not been spread of record, it should be so held.

**Replevin.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 30, 1902.

ALDEN, LATHAM & YOUNG, attorneys for appellant.

FLOWER, VROMAN & MUSGRAVE, attorneys for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

The appellant sued out of the Circuit Court of Cook County a writ of replevin. The sheriff executed the same by replevying a portion of the property therein described and turning it over to appellant. Issues were joined in the pleadings and the case was called for trial June 29, 1898, when the plaintiff elected to take a non-suit. Thereupon an order was entered in the cause as follows :

"This cause being called for trial, came the parties, by their attorneys, respectively. Thereupon the plaintiff elects to take a non-suit. Therefore, it is considered by the court that the defendant do have and recover of and from the plaintiff his costs and charges in this behalf expended and have execution therefor.

"It is ordered that a *retorno habendo* do issue herein and for the return of the property replevied herein by virtue of the writ of replevin issued in said cause."

Nothing further was done in the cause until June 29, 1901, when upon motion of appellee to amend the said order of June 29, 1898, the court entered the following order :

"This cause having come on to be heard on the motion of the defendant to amend the record of the order and judgment rendered on the 29th day of June, 1898, and due notice of said motion having been given to the plaintiff and defendant, appearing in court by their respective attorneys, and the court having heard the counsel for both the plaintiff and defendant and fully advised in the premises,

The court finds that on the 29th day of June, 1898, the judgment was rendered in this case, among other things.

that the defendant have and do recover of the plaintiff a return of the property taken under the writ of replevin issued in this case and that the clerk of this court has omitted to set forth said judgment in the record of said order and judgment of June 29th, 1898.

It is therefore ordered by the court that the record of said order and judgment of June 29th, 1898, be and the same is hereby amended so as to read as follows :

H. J. FITZGERALD ⎫
            vs.       ⎬ 162,683.
GEORGE P. GORE. ⎭

This cause being called for trial, came the parties by their attorneys respectively, thereupon the plaintiff elects to take a non-suit, therefore it is considered by the court that defendant do have and recover of and from the plaintiff a return of the property taken under a writ of replevin herein and also his costs and charges in this behalf expended and have execution therefor.

It is further ordered that a *retorno habendo* do issue herein for the return of the property replevied herein by virtue of the writ of replevin issued in said cause. And the clerk of this court is hereby ordered and directed forthwith to spread this order of record in said cause."

Appellant excepted to this amendment and prosecutes this appeal from the order of June 29, 1901, amending the order of June 29, 1898. The abstract recites :

"No evidence of any kind was submitted to the court unless it can be said that the memorandum appearing upon some wrapper of the files as follows : ' June 29, 1898, Han. Pltf. elect to take non-suit P. C. & Jt. & Reto. Habo.,' can be considered as in evidence."

The abstract further recites that the amendment was made entirely from what appeared on the face of the record. The errors assigned all relate to the correctness of the orders of June 29, 1901, amending the order of June 29, 1898. Plaintiff (appellant) contends that the court was without jurisdiction to enter such amending order, because the term had passed at which the original order was entered and that the order of amendment was one of substance. We are of the opinion that the court committed no error in entering the order of June 29, 1901, and thereby amending the judgment order of June 29, 1898. In the original

Fitzgerald v. Gore.

order it is ordered that a *retorno habendo* do issue for the return of the property replevied. The amended order is that the defendant do have and recover of the plaintiff a return of the property taken under the writ of replevin and further ordered that a writ of *retorno habendo* issue therein. The Supreme Court has uniformly, and in a number of cases, held that after the expiration of the term of court at which a judgment has been rendered, the court that rendered the judgment has no supervisory power over it at a subsequent term, except to amend it in a mere matter of form, upon notice to the opposite party. Cook v. Wood, 24 Ill. 295; McKindley v. Buck, 43 Ill. 490; State Savings Institution v. Nelson, 49 Ill. 172; Lill v. Stookey, 72 Ill. 495.

In Lill v. Stookey, *supra*, it was held that when a replevin suit is dismissed and a judgment rendered against plaintiff for costs, the court rendering the judgment can not at a subsequent term so amend the record as to determine that the defendant recover the property in question from the plaintiff and order a writ for its return. Such an amendment is not formal or clerical; on the contrary it is an amendment of the most substantial character. In this case of Lill v. Stookey, the court uses the following language: "It is true the court upon dismissal of the writ in the first instance had the right to award a writ of *retorno habendo*, but because the court failed to do this, it by no means follows that several years afterward the court can sit in review of its own judgment." But in no case to which our attention has been called, where it was held error to amend, does it appear that there was an order for the issuance of a writ of *retorno habendo*. Courts will not willingly hold these words to have no meaning. Under the pleadings, facts and law, it was the duty of the court in this case to have entered a judgment for the return of the property, and if it can fairly be inferred that the court did make such order, and that through mistake of the clerk it has not been spread of record, but from the memoranda it is evident that the court made the order, it should be so held. Denhard v. Dunbar, 98 Ill. App. 266.

In the American Preservers' Company v. Bishop, 83 Ill. App. 493, an original order and amendment thereto are found in the precise words of the orders in the case at bar, and there it was held that the omission of a formal judgment from the original order was a mistake or misprision of the clerk, and there citing authorities to sustain such holding. This case was appealed to the Supreme Court, and is reported in 184 Ill. 68. It is true that the Supreme Court did not have occasion in that decision to state whether the original order was a sufficient memorial by which to amend. It was held in the Appellate Court that the omission to enter a judgment, that the defendant have a return of the property, was a mistake of the clerk. The same question arose in the same case in this court, and is reported in 88 Ill. App. 443, where the court states that the appeal was prosecuted upon the alleged ground that the court could not properly enter said order, there being no minute of the judge or memorial paper upon which to base such amendment, and in that case the contention of the appellant was overruled and the judgment of the Circuit Court was affirmed. Counsel for appellant insist that the Supreme Court in Rohe v. Pease, 189 Ill. 207, in effect overruled the decision of the Appellate Court in the American Preservers Company v. Bishop, 83 Ill. App. 493, but the only point decided in that case is that in replevin a plea of *non cepit* only puts in issue the taking of the property and does not authorize a judgment for *retorno habendo*. We shall adhere to the former holdings on this subject and affirm the judgment.

The judgment of the Circuit Court is affirmed.