146    APPELLATE COURTS OF ILLINOIS.

Bledsoe v. Ziegenhein Bros. Furniture Co., 161 Ill. App. 146.

## Lon Bledsoe, Appellee, v. Ziegenhein Bros. Furniture Company, Appellant.

1. REPLEVIN—*when judgment though informal sufficiently orders return of property.* *Held,* that the following judgment though not technically formal, sufficiently ordered a return of the property replevied:

"It is therefore considered and adjudged by the court that the defendant have and recover of the plaintiff the costs by him in this behalf expended and that he have execution therefor, and it is further ordered and adjudged by the court that a writ of *retorno habendo* issue as the law directs for the return of the property mentioned and described in the writ of replevin."

2. AMENDMENTS AND JEOFAILS—*power of court to amend judgment after lapse of term.* Where in a court of record a mistake has been made in the entry of a judgment, and there is a minute, entry, pleading or files in the cause, by which the court is able to see that the record, as made, does not correctly represent his actions, he has the power, at a subsequent term, to amend and correct such record in accordance with the facts so as to sustain the rights of the parties. *Held,* in this case, that the fact that the court in its minutes awarded a writ of *retorno* was sufficient evidence to warrant the court in finding that the court in fact gave judgment that the property be returned.

Replevin. Appeal from the City Court of East St. Louis; the Hon. MORTIMER MILLARD, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

**Statement by the Court.** At the May term, 1910, of the City Court of East St. Louis, upon notice having been served upon appellant for that purpose, a judgment in replevin entered at the January term, 1910, in favor of the appellee and against the appellant, was amended by order of said court directing the clerk thereof to amend the record, *nunc pro tunc,* to correspond with the minutes of the judge of the court at said January term. The portion of the judgment as amended, and against which appellant complains reads as follows: "It is therefore considered and adjudged by the court that the defendant have and recover of the plaintiff the costs by him in this behalf expended and that he have execution therefor, *and it is*

*further ordered and adjudged by the Court that a writ of retorno habendo issue as the law directs for the return of the property mentioned and described in the writ of replevin.''* The foregoing words in italics constitute the actual amendment that was ordered made by the court. In the original trial of the replevin suit the plaintiff took non-suit at the close of its evidence. The minutes of the trial judge in the original trial in replevin were introduced in evidence to sustain the motion to amend the record, and are in the exact words and figures as follows: ''January Term, 1910, 2-8. By agreement of parties this case is tried at the present term of this court; case called for trial; parties ready; jury called and sworn, evidence heard for the plaintiff; on motion of plaintiff he takes a non-suit; non-suit granted; writ of *retorno habendo* is awarded and judgment for costs, *fi. fa.''* Said original cause was tried and the order entered on February 8, 1910. The said January term expired by adjournment February 23, 1910. The next term of said court convened March 14, 1910; and said March term adjourned finally April 28, 1910. The clerk of said court testified that it was by his mistake or omission that said original record did not show an order awarding the writ of *retorno habendo* for the return to the defendant of said property replevied.

ALEXANDER FLANNIGEN and B. H. CANBY, for appellants.

W. M. VANDEVENTER and W. E. KNOWLES, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The substance of appellant's complaint on this appeal is that the court erred in making the order which it did make on said motion, because said minutes were and are erroneous and not sufficient to warrant such amendment. Technically speaking the court is not

warranted in ordering issued the writ of *retorno habendo* until the formal order and judgment of the court is entered that the defendant recover of and from the plaintiff the property taken under the writ of replevin.  Section 22 of chapter 119 of Hurd's Revised Statutes provides: "If the plaintiff in an action of replevin fails to prosecute his suit with effect, or suffers a non-suit or discontinuance, or if the right of property is adjudged against him, judgment shall be given, for a return of the property. *  *  * unless the plaintiff shall, in the meantime, have become entitled to the possession of the property, when judgment may be given against him for costs."  We cannot go into the merits of the original suit as they are not presented by this appeal.  No reason appears why the court was not warranted in entering up a judgment for the return to the defendant of the property.  The real questions are, has it entered up such a judgment by its amended record, and was it warranted in making such amendment under the evidence.  The amended judgment "ordered and adjudged by the court that a writ of *retorno habendo* issue as the law directs for the return of the property mentioned and described in the writ of replevin."  We think this judgment is a sufficient judgment for the return of the property, although not put in the usual and best form for such judgments.  Ordering and adjudging that a writ issue as the law directs (that is, as the statute directs) for the return of property implies the ordering and adjudging that such property be returned and that a writ issue for that purpose.  The difference in such an order and an order that such property be returned to the defendant and that a writ of *procedendo* issue therefor, is only technical; and such technicalities are not now favored under section 3 of chapter 7 of our statutes which provides that no judgment shall be reversed in the Supreme Court for mere error in form.  Similar judgments, though hardly so complete as the one before us, have been sustained as sufficiently formal and, in terms, as judgments that the property

be returned. Those cases we are inclined to follow and here cite them. McCrory v. Hamilton, 39 Ill. App. 490; American Preservers' Company v. Bishop, 83 Ill. App. 493; Same v. Same, 88 Ill. App. 444. We do not think that the holding of the Supreme Court in American Preservers' Company v. Bishop, 184 Ill. 68, goes to the extent of holding that such words as are found in the case before us are not equivalent to a judgment for the return of the property.

We are of opinion also that the motion to amend and the evidence in this record is amply sufficient to authorize the court to enter a judgment for the return of the property in question and to award a proper writ therefor. Where, in a court of record, a mistake has been made in the entry of a judgment, and there is a minute, entry, pleading or files in the cause, by which the court is able to see that the record, as made, does not correctly represent his actions, he has the power, at a subsequent term, to amend and correct such record in accordance with the facts so as to sustain the rights of the parties. Denhard v. Dunbar, 98 Ill. App. 266; Harris v. Schilling, 108 Ill. App. 116. The fact that the court in its minutes awarded a writ of *retorno habendo* is sufficient evidence in our judgment to warrant any court in finding that the court in fact gave judgment that the property be returned. It is the only judgment in such a case that such a writ could properly follow. We have been cited to no case in which it has been held that proof that a court ordered a writ of *retorno habendo* for the return of the property replevied is not sufficient, in the absence of contrary evidence, to base a finding that the court rendered judgment for the return of such property. A number of Illinois cases seem to hold that such evidence is sufficient. Am. Preservers' Co. v. Bishop, 83 Ill. App. 493; Same v. Same, 184 Ill. 68; and Fitzgerald v. Gore, 105 Ill. App. 242, which positively holds that such evidence is sufficient.

The judgment of the lower court is affirmed.

*Affirmed.*