## John Papista, Plaintiff in Error, v. Kuhnen & Siegrist Hardware Company, Defendant in Error.

Opinion filed September 12, 1931.

F. M. GUINN, for plaintiff in error.

GLENN B. WILSON, for defendant in error.

MR. JUSTICE FULTON delivered the opinion of the court.

On September 20, 1929, defendant in error instituted a suit in replevin against plaintiff in error in the circuit court of Bond county, by which replevin, property alleged in affidavit to be of the value of $2,000, was seized. After case had been dismissed for want of prosecution and afterwards reinstated, the plaintiff in error filed two pleas. In one he pleaded property in plaintiff in error and in the other he denied wrongful detention, etc. There was no replication or issue joined on pleas. On July 15, 1930, the case was called for trial and upon motion of defendant in error suit was dismissed at its costs.

Plaintiff in error at once filed a motion that the court order a *retorno habendo*. The motion was denied and no order of return was entered. The plaintiff in error then entered a motion that the court impanel a jury to assess damages, in which motion suggestion of the amount and character of such damages was set forth in the motion. This motion was also denied by the court and the plaintiff excepted to the ruling of the court in denying each of said motions. Plaintiff in error secured the usual orders for appeal and upon the refusal of the court to grant said motions, prosecutes this writ of error.

Paragraph 22, chapter 119, Cahill's Ill. Rev. Statutes, provides as follows: "If the plaintiff in an action of replevin fails to prosecute his suit with effect, or suffers a nonsuit or discontinuance, or if the right of property is adjudged against him, judgment shall be given for a return of the property if such property has been delivered to the plaintiff, and damages for the use thereof from the time it was taken until a return thereof shall be made."

Plaintiff in error argues that in a situation of this kind the trial court has no discretion, but upon dismissal of the suit must enter judgment for a return of the property.

We believe the proper procedure in suits of this character is suggested and outlined in the case of *American Preservers' Co. v. Bishop,* 184 Ill. 68, and it would have been better for plaintiff in error to have made a motion for formal judgment before asking an order for a writ of *retorno habendo*. However, the statute plainly indicates that upon a dismissal by a plaintiff of an action of replevin the defendant is entitled to a judgment order of the court and while the motion of the plaintiff in error in this case was quite incomplete and informal, still we think it was error on the part of the court to deny the motion asking for a

writ of *retorno habendo,* and in refusing to enter the proper judgment order.

Informalities and slight technical errors in procedure should not rob plaintiff in error of his substantial rights under the statute. *Bledsoe v. Ziegenhein Bros. Furniture Co.,* 161 Ill. App. 146.

The judgment will be reversed and the case remanded to the circuit court of Bond county, with instructions to enter a judgment order in favor of plaintiff in error for the return of the property, and also for a writ of *retorno habendo,* together with such order as will provide for a hearing on assessment of damages.

*Reversed and remanded with directions.*