Frances Walentarski, Executrix of the Last Will and Testament of Apollonia Heinle, Deceased, Plaintiff in Error, v. George P. Racine, Defendant in Error.

Gen. No. 35,226.

Opinion filed January 20, 1932.

Robert F. Pettibone, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Wilson delivered the opinion of the court.

Plaintiff filed his declaration in the circuit court of Cook county for money had and received by the defendant, summons issued and was served in regular

order, but the defendant failed to appear. Together with the declaration was a copy of the account sued on and plaintiff's affidavit of the amount due.

June 7, 1928, judgment was entered by default in favor of the plaintiff. June 15, 1928, defendant appeared and entered his motion to set aside the default and vacate the judgment. This motion was continued from time to time until September 29, 1928, at which time defendant was given leave to plead and the judgment to stand as security. The cause was tried June 4, 1929. The jury returned its verdict and found: "We the jury find the issues for the plaintiff and assess the plaintiff's damages at the sum of $5,986.50." Defendant entered his motion for a new trial which was overruled and defendant excepted. A motion in arrest of judgment by the defendant was also overruled.

The cause is here on a writ of error by the plaintiff below and plaintiff in error here, assigning as error the action of the trial court in entering judgment upon the verdict of the jury June 4, 1929, instead of entering an order, based on the verdict of the jury, that the judgment theretofore entered June 7, 1928, should stand in full force and effect as of the time of its rendition. The defendant has failed to appear and defend the action in this court.

We agree with counsel for the plaintiff that the proper practice was to have ordered the original judgment to stand. *Morris v. Taylor,* 199 Ill. App. 588; *Cervenka v. Hunter,* 185 Ill. App. 547; *Northeastern Coal Co. v. Tyrrell,* 133 Ill. App. 472. The record, however, discloses that plaintiff in no way called the attention of the court to its error, but tacitly consented to the entry of the judgment in the form in which it appears here. The proper practice would have been for the plaintiff to have called the error to the attention of the trial court and had it corrected at the time. In order to save a question for review

a party must preserve the question in some manner during the course of the proceedings. If a motion had been made in the trial court, there is no question but what the trial court would have corrected the judgment as it had the power to do. Certainly the trial court should have been given an opportunity to pass upon the question. 3 Corpus Juris, Appeal and Error, section 773, p. 877; *McCaleb v. Coon Run Drainage & Levee Dist.,* 190 Ill. 549; *Patterson v. Johnson,* 214 Ill. 481; *North v. Zerwick,* 97 Ill. App. 306; *Denhard v. Dunbar,* 98 Ill. App. 266.

Intervening rights may have arisen which would be affected in the event of a correction of the judgment. Nearly a year's-time had elapsed from the time of the entry of the original judgment by default and the judgment subsequently entered upon the trial by jury. A judgment should not be corrected at a subsequent term when it will affect adversely the rights of parties who acted upon the faith of the record. *Denhard v. Dunbar,* 98 Ill. App. 266. Plaintiff having failed to properly preserve the question by appropriate motion on proceeding in the trial court, and having without objection consented to the entry of the judgment in the trial court in the manner in which it was entered, cannot now ask this court to do that which could have been properly done at the time the matter was in the trial court.

For the reasons stated in this opinion, the writ of error will be and it hereby is dismissed.

*Writ of error dismissed.*

HEBEL, P. J., and FRIEND, J., concur.