**Kuhnen-Siegrist Hardware Company, Appellant, v. John Papista, Appellee.**

582

Opinion filed September, 19, 1932. Rehearing denied October 19, 1932.

G. R. MOSER and HILL, BULLINGTON & WILSON, for appellant.

F. M. GUINN and MEYER & MEYER, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On October 3, 1928, appellee executed and delivered to appellant two notes for $1,612.86 and $300, falling due in two years with interest at seven per cent. He secured the notes by a chattel mortgage on his crops, livestock and farm implements, in which he agreed to pay $50 per month on the notes and that if he failed to do so appellant would be at liberty to foreclose. About a year later, no payments having been made, appellant brought a replevin suit by which to secure possession of the mortgaged property. Appellant then dismissed the suit and appellee moved for a writ of *retorno habendo* and for an assessment of damages. The motions were overruled and he sued out a writ of error. We reversed the cause with directions to award the writ and assess damages for the use of the property

from the time it was taken until it should be returned to appellee under section 22 of the Replevin Act, Cahill's St. ch. 119, ¶ 22. *Papista v. Kuhnen & Siegrist Hdw. Co.,* 262 Ill. App. 510.

When the cause was redocketed in the trial court and the orders made, a stipulation was entered into whereby the issues were very much extended. Upon a hearing before a jury the evidence, without objection, took a still wider range. After the dismissal of the replevin suit appellant proceeded to foreclose the chattel mortgage and realized therefrom the net amount of $1,409.36, leaving a balance on the notes of $640.75. Appellee contended upon the trial that prior to the foreclosure of the mortgage he had paid appellant his entire indebtedness; that by reason thereof the sale was unlawful and he was entitled to recover the full cash market value of the property sold, with interest thereon; that he was also entitled to damages for the wrongful suing out of the writ of replevin. The trial resulted in a verdict for $2,587.28. The court required appellee to remit $587.28, denied a motion for a new trial and rendered judgment for $2,000.

The notes secured by the mortgage were, at least, prima facie evidence that appellee was indebted to appellant in the amount thereof. He offered no evidence tending to prove that he made any payment after October 3, 1928, the date of the notes. He contends that before he executed those notes he had paid his entire debt to appellant. His first transaction with appellant was the purchase of a tractor and plow for $1,160. He paid $200 thereon and gave his note for $960 dated April 1, 1920. Since that time he purchased numerous articles of merchandise from appellant and notes were given and renewed from time to time for the balance due. The final renewal notes are those dated October 3, 1928, which were secured by the mortgage aforesaid. Appellee was permitted to introduce

in evidence many of the old notes which had been renewed by others. He introduced some receipts for money paid, all of which were properly credited on his debt.

Appellee does not claim that he was charged with any merchandise that he did not receive. He claimed to have paid his debt, and the burden was upon him to show that such was the fact. We have carefully considered all of the evidence and find nothing that would warrant us in holding that appellee did not owe appellant the full amount of the two notes executed on October 3, 1928. Appellant had the right to foreclose the chattel mortgage and it cannot be held liable for any alleged difference between the fair cash market value of the property as fixed by the evidence on behalf of appellee, and the amount realized upon the foreclosure sale. There is no claim that the sale was not properly advertised and conducted in accordance with the law.

It was stipulated that if appellee is entitled to recover an attorney's fee, $400 is a reasonable fee. The evidence clearly shows that the net amount realized from the foreclosure sale lacked $640.75 of being enough to pay the notes. That being true, appellee would not be entitled to a judgment for an attorney's fee. The judgment is reversed with a finding of facts.

*Reversed with a finding of facts.*

The clerk will insert in the judgment the following: "The Court finds that when appellee executed the two notes dated October 3, 1928, he was indebted to appellant in the sum of $1,912.86 and that no part thereof had been paid prior to the foreclosure sale; that $1,409.36 was realized from the foreclosure sale and credited upon the notes, leaving a balance of $640.75."